IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOWARD, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 02-3797 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW on this _____ day of _____, 2002, upon consideration of Defendant United States Postal Service's Motion to Dismiss or, In the Alternative, Motion to Strike, it is hereby ORDERED that Counts I and II of the Complaint are dismissed for failure to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, for the reasons set forth in the United States' memorandum of law and incorporated herein by reference.

_____
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOWARD, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 02-3797 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |

## ORDER

  AND NOW on this _____ day of _____, 2002, upon consideration of Defendant United States Postal Service's Motion to Dismiss or, In the Alternative, Motion to Strike, it is hereby ORDERED that plaintiff David Howard's request for punitive damages in paragraph 38 of the Complaint is stricken for the reasons set forth in the United States' memorandum of law and incorporated herein by reference.

_____
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOWARD, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 02-3797 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION TO STRIKE**

For the reasons set forth in the accompanying Memorandum of Law, defendant United States Postal Service respectfully requests the Court to dismiss plaintiff David Howard's complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Fed. R. Civ. P. Alternatively, should the Court allow plaintiff's complaint to proceed in all or in part, the United States Postal Service respectfully requests the Court to strike plaintiff's request for punitive damages in paragraph 38.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

_____
JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

_____
BARBARA ROWLAND
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8311 Telephone
(215) 861-8349 Facsimile

Of Counsel:
Jennifer S. Breslin
Attorney, Law Department
Philadelphia Field Office
United States Postal Service
P.O. Box 40595
Philadelphia, PA  19197-0595
(215) 931-5091

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOWARD, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 02-3797 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION TO STRIKE**

Plaintiff David Howard contends in his two-count complaint that his former employer, defendant United States Postal Service (the "Postal Service"), improperly terminated his employment in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 (Count I), and in violation of the terms of the collective bargaining agreement between the National Postal Mail Handler's Union and the Postal Service (Count II). Plaintiff's claims arise from the Postal Service's response to plaintiff's continued requests for re-assignment from his regular night shift to the day shift due to his alleged disability – depression caused by alcoholism and drug abuse.

Defendant Postal Service seeks dismissal of plaintiff's complaint for the following reasons:

•   Count I, the disability claim, fails to state a claim for which relief can be granted under Rule 12(b)(6), Fed. R. Civ. P., because the ADA does not apply to the Postal Service.

•   Count II, the breach of contract claim, fails to state a claim for which relief can be granted because plaintiff, contrary to the requirements of 39 U.S.C. § 1208(b), did not

allege that his union breached its duty of fair representation in handling a grievance against the Postal Service for alleged discriminatory treatment.

Alternatively, the Postal Service requests the Court to strike plaintiff's request for punitive damages because such damages are not available against the Postal Service under Title VII. See 42 U.S.C. § 1981a(b)(1).

## FACTUAL BACKGROUND

Plaintiff was hired by the Postal Service on December 31, 1988 as a clerk in the Southeastern Processing and Distribution Center in Devon, Pennsylvania. Complaint ("Compl.") ¶ 13. He later became a mail handler, a position that he maintained until his separation from the Postal Service in 1998. Id.

As a mail handler, plaintiff was a career craft-level employee within the workforce of the Postal Service, and the collective bargaining agreement between such employees and the Postal Service, known as the Mail Handlers National Agreement, applied to the plaintiff. September 5, 2002 Declaration of Joseph M. Ruser, ¶ 4 (hereafter "Ruser Decl."), filed contemporaneously herewith. That collective bargaining agreement contained provisions prohibiting discrimination under the Rehabilitation Act of 1973 (Article 2, Section 2.1) and governing grievances arising out of alleged discriminatory conduct (Article 2, Section 2.3) or other violations of the collective bargaining agreement (Article 15). Ruser Decl., ¶ 5.

Plaintiff alleges that he has suffered from depression due to alcohol and drug dependency. Compl. ¶ 5. Plaintiff alleges that he entered a ten-day treatment program on or about September 4, 1996, which was followed by a three-month aftercare program. Compl. ¶ 15. At the time he participated in the program, plaintiff was assigned to a night shift at the Postal

Service. Id. He returned to that shift on or about September 14, 1996, when he completed the ten-day treatment program. Id.

On or about October 1, 1996, plaintiff requested and received a revised schedule from his supervisor allowing him to temporarily work only day shifts. Compl. ¶ 16. In May 1997, plaintiff was told by the Postal Service that he could not indefinitely work only day shifts. Compl. ¶ 19.

For purposes of this motion only and assuming the allegations of the complaint in a light most favorable to the plaintiff, the United States will agree to plaintiff's allegations that he continued to seek accommodation for his alleged disability by being assigned to day shift, and the Postal Service refused to provide him with that accommodation. Compl. ¶¶ 24-31. Furthermore, the United States will agree for purposes of this motion only that the Postal Service terminated plaintiff's employment on or about June 6, 2002. Compl. ¶ 32, 33. Plaintiff's complaint contains no allegations regarding any grievance brought by his union regarding prohibited discriminatory treatment under the collective bargaining agreement. See generally Complaint.

## STANDARD OF REVIEW

In ruling on a motion under Rule 12(b)(6), the Court must assume all well pleaded facts to be true for purposes of the motion to dismiss only. Conley v. Gibson, 355 U.S. 41 (1957); City of Philadelphia v. Lead Industries Ass'n Inc., 994 F.2d 112 (3d Cir. 1993); Schrob v. Catterson, 948 F.2d 1402 (3d Cir. 1991). Courts have routinely held, however, that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 James W. Moore et al., Moore's Federal Practice,

§ 12.34[1][b] (3d ed. 1999) (quoting Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993)).

**ARGUMENT**

I. **COUNT I MUST BE DISMISSED BECAUSE THE ADA DOES NOT APPLY TO THE POSTAL SERVICE**

The ADA does not apply to the Postal Service or any federal agency. The ADA by its terms applies only to a "covered entity." 42 U.S.C. § 12112(a). The United States is not an "employer" within the definition of "covered entity." 42 U.S.C. §§ 12111(2) and (5)(B)(i) ("The term 'employer' does not include . . . the United States, a corporation wholly owned by the government of the United States . . ."). Courts in this circuit have upheld the express language of the ADA. The Postal Service "is a branch of the United States government and so does not fall within the auspices of the ADA." D'Antonio v. Runyon, No. Civ. A. 93-3278, 1994 WL 622107 at *5 (E.D.Pa. Nov. 8, 1994).

The Rehabilitation Act of 1973, as amended, applies to protect employees of federal agencies and the Postal Service from discriminatory conduct based on a disability. The courts of this Circuit have consistently found that "the Rehabilitation Act provides the exclusive means by which a litigant may raise claims of discrimination on the basis of disability by federal agencies." See 29 U.S.C. §§ 701-796; Mengine v. Runyon, 114 F.3d 415 (3d Cir. 1997); Shiring v. Runyon, 90 F.3d 827, 830-31 (3d Cir. 1996).

Because the Postal Service is subject to the Rehabilitation Act, and not the ADA, plaintiff has failed to state claim upon which relief may be granted in Count I of the complaint and the United States respectfully requests the Court to dismiss Count I.

## II. COUNT II MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO ALLEGE THAT THE UNION HAS NOT FAIRLY REPRESENTED HIM

Count II of plaintiff's complaint is titled "breach of contract." Plaintiff references several paragraphs of the union's collective bargaining agreement with the Postal Service having to do with temporary and permanent reassignments for injured or ill employees (Compl. ¶¶ 41, 43, 48, 51) and the strong support of the union and Postal Service for drug addiction treatment programs (Compl. ¶ 47). Plaintiff alleges that the Postal Service breached the collective bargaining agreement as follows: the Postal Service arbitrarily and wrongfully refused to continue his temporary reassignment to day shift (Compl. ¶¶ 45, 58-61); the Postal Service's claim of undue hardship in refusing to continue plaintiff on day shift was a pretext for discrimination (Compl. ¶ 53); and the Postal Service erroneously terminated plaintiff (Compl. ¶ 62).

The United States is immune from suit except to the extent that Congress has, by statute, expressly consented to waive sovereign immunity. United States v. Mitchell, 455 U.S. 535, 538 (1980). The Supreme Court has emphasized that any waiver of sovereign immunity "must be strictly construed in favor of the United States." Ardestani v. I.N.S, 502 U.S. 129, 130 (1976). In this instance, the only federal statute that provides for jurisdiction over the Postal Service for employment-related contract claims is 39 U.S.C. § 1208(b).[1] That statute permits suits against the Postal Service based on contracts with labor unions to be brought in federal district court. See 39 U.S.C. § 1208(b) ("Suits for violation of contracts between the Postal Service and the labor organizations representing Postal Service employees, or between any such labor

---

[1] Plaintiff cannot bring an action against the Postal Service for breach of employment contract. Postal employees are appointed, not hired, therefore, they do not have employment contracts with the Postal Service. See Sims v. Local 308 Mailhandling, Civ. A. No. 93-6814, 1994 WL 268252 *4 (E.D. Pa. June 15, 1994); Reeder v. Frank, 813 F. Supp. 773, 778-79 (D. Utah 1992).

-5-

organizations, may be brought in any district court of the United States having jurisdiction over the parties without respect to the amount in controversy").

While on its face, 39 U.S.C. § 1208(b) provides district court jurisdiction for suits only between the Postal Service and labor organizations or between labor organizations, the Supreme Court has held with respect to a similar federal statute, § 301(a) of the Labor Management Relations Act, codified at 29 U.S.C. § 185, that individual employees have standing to sue under such statutes. Sims v. Local 308 Mailhandling, Civ. A. No. 93-6814, 1994 WL 268252 *2 (E.D. Pa. June 15, 1994). Because § 1208(b) is analogous to § 301(a), case law developed under § 301(a) for private sector employees is equally applicable to actions brought by employees of the Postal Service under § 1208(b). See, e.g., Bacashihua v. United States Postal Service, 859 F.2d 402, 405 (6th Cir.1988); Trent v. Bolger, 837 F.2d 657, 659 (4th Cir.1988).

Assuming the Court treats plaintiff's breach of contract claim as though brought under § 1208(b), Count II fails to state a claim upon which relief may be granted because plaintiff has not met a necessary requirement for suits against the Postal Service for breach of a collective bargaining agreement. Plaintiff has failed to allege that he pursued a grievance against the Postal Service under the terms of his collective bargaining agreement and that the union breached its duty of fair representation. Such allegations (and ultimately showings of proof) are necessary for plaintiff to pursue his breach of contract claim against the Postal Service.

In DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), the Supreme Court held that to sue either the employer or the union or both under the collective bargaining agreement, the plaintiff-employee must prove the same case, i.e., that the union breached its duty of fair representation **and** that the employer breached the collective bargaining agreement. 462 U.S. at 163-65. The Supreme Court's rationale was as follows:

> It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement. Ordinarily, however, an employee is required to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. Subject to very limited judicial review, he will be bound by the result according to the finality provisions of the agreement. [We have] recognized that this rule works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation. In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding. Such a suit, as a formal matter, comprises two causes of action. . . . "Yet the two claims are inextricably interdependent. ***'To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.'"*** *(Citations omitted). **The employee may if he chooses sue one defendant and not the other, but the case he must prove is the same whether he sues one, the other, or both.***

Id. at 164-65 (internal citations omitted) (emphasis added). These claims are generally referred to as "hybrid" claims: if the employee's claim fails against either the union or the employer, the claim fails against both. Id. at 165.

In this case, plaintiff has made no allegation that his union breached a duty of fair representation. In fact, plaintiff makes no allegation that he pursued his remedies under the collective bargaining agreement. Plaintiff simply asserts that he was entitled to certain treatment or consideration under the provisions of the Postal Service's collective bargaining agreement governing temporary or permanent assignments due to illness or injury. In the absence of allegations that he brought a grievance and the union failed to fairly represent him, plaintiff's breach of contract claim must be dismissed. See Vosch v. Werner Continental, Inc., 734 F.2d 149, 154 (3d Cir. 1984), cert. denied, 469 U.S. 1108 (1985) (plaintiff-employees failed to state a

cause of action under § 301 of the Labor Management Relations Act because they did not "challenge the fairness or adequacy of their union's representation in the arbitration procedure, nor do they impugn the integrity of the arbitration process"); <u>Morales v. The P.F. Laboratories, Inc.</u>, No. CIV. A. 00-150, 2000 WL 33678049 *3 (D.N.J. Aug. 3, 2000) (because plaintiff's amended complaint failed to allege that union's conduct in handling arbitration was arbitrary, discriminatory or carried out in bad faith, complaint was dismissed for failure to state a claim for which relief could be granted); <u>Ruffin v. United States Postal Service</u>, Civ. A. No. 92-0685, 1992 WL 437504 *3 (E.D. Pa. Nov. 3, 1992) (plaintiff-employee must allege that union failed to provide adequate representation).

### III.   PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES

Paragraph 38 of plaintiff's complaint requests punitive damages. It is, however, well settled that punitive damages are not available against the Postal Service. Numerous courts have recognized that the Postal Service is a "government agency" under 42 U.S.C. § 1981a(b)(1) and, accordingly, the Postal Service is exempt from punitive damages under Title VII. See <u>Robinson v. Runyon</u>, 149 F.3d 507 (6th Cir. 1998); <u>Baker v. Runyon</u>, 114 F.3d 668 (7th Cir. 1997), <u>cert. denied sub nom.</u>, <u>Baker v. Henderson</u>, 525 U.S. 929 (1998); <u>Henderson v. Henderson</u>, No. CIV. A. 99-4323, 2000 WL 567422 *1 (E.D. Pa. May 10, 2000). Should this Court permit any of plaintiff's claims to proceed, the Postal Service respectfully requests that the Court strike plaintiff's request for punitive damages.

### CONCLUSION

Plaintiff's two-count complaint must be dismissed with prejudice. Plaintiff has failed to state a claim under Count I because the ADA does not apply to the Postal Service. In addition, he has failed to state a claim under Count II because he has not alleged that his union breached a

duty of fair representation. Alternatively, should this Court allow any count of plaintiff's complaint to move forward, the Postal Service requests the Court to strike his request for punitive damages.

                                        Respectfully submitted,

                                        PATRICK L. MEEHAN
                                        United States Attorney

                                        _____

                                        JAMES G. SHEEHAN
                                        Assistant United States Attorney
                                        Chief, Civil Division

                                        _____

                                        BARBARA ROWLAND
                                        Assistant United States Attorney
                                        615 Chestnut Street, Suite 1250
                                        Philadelphia, PA 19106
                                        (215) 861-8311 Telephone
                                        (215) 861-8349 Facsimile

Of Counsel:
Jennifer S. Breslin
Attorney, Law Department
Philadelphia Field Office
United States Postal Service
P.O. Box 40595
Philadelphia, PA  19197-0595
(215) 931-5091

**CERTIFICATE OF SERVICE**

I hereby certify that on the _____ day of September 2002, I caused a true and correct copy of the foregoing Motion to Dismiss or, in the Alternative, to Strike, accompanying Memorandum, and proposed Orders to be served by first-class United States mail, postage prepaid, upon the following:

    James J. Munnis, Esq.
    882 S. Matlack Street
    Suite 101
    West Chester, PA 19382

_____
Barbara Rowland