IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOWARD, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 02-3797 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |

**REPLY TO PLAINTIFF'S ANSWER TO
DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION TO STRIKE**

In his response to defendant's motion to dismiss or, in the alternative, motion to strike, plaintiff David Howard does not address his failure to allege any cause of action in Count I other than the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, which does not apply to federal defendants, and he continues to provide no basis in Count II for bringing a breach of contract action against defendant.

A.   **PLAINTIFF HAS PLEAD NO COGNIZABLE CLAIM AGAINST THE UNITED STATES POSTAL SERVICE IN COUNT I**

As set forth in defendant's memorandum supporting its motion, the ADA does not apply to the Postal Service or any federal agency. See 42 U.S.C. §§ 12112(a), 12111(2) and (5)(B)(i). Plaintiff did not ask the Court for leave to amend his complaint in his response to defendant's motion, nor has he filed a request for leave to amend his complaint. Because the Postal Service is subject to the Rehabilitation Act of 1973, as amended, and not the ADA, Count I of the complaint should be dismissed because plaintiff has failed to state a claim upon which relief may be granted.

B.    **PLAINTIFF HAS NOT ALLEGED IN COUNT II THAT THE UNION DID NOT FAIRLY REPRESENT HIM AND HE CANNOT MAKE SUCH A SHOWING**

Defendant has moved to dismiss Count II because plaintiff failed to allege that he pursued a grievance against the Postal Service under the terms of his collective bargaining agreement and that the union breached its duty of fair representation.[1] The Supreme Court has held that to sue either the employer or the union or both under the collective bargaining agreement, the plaintiff-employee must prove the same case, i.e., that the union breached its duty of fair representation *and* that the employer breached the collective bargaining agreement. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 163-65 (1983); see also Albright v. Virtue, 273 F.3d 564, 576 (3d Cir. 2001); Vavro v. Gemini Food Markets, Inc., 39 F. Supp. 2d 553, 559 (E.D.Pa. 1999). These claims are generally referred to as "hybrid" claims: if the employee's claim fails against either the union or the employer, the claim fails against both. DelCostello, 462 U.S. at 165.

To prove that the union breached its duty of fair representation, plaintiff must demonstrate that the union's actions were either arbitrary, discriminatory or in bad faith. Vavro, 39 F. Supp. 2d at 559, citing Air Line Pilots Association International v. O'Neill, 499 U.S. 65, 67 (1991), and Vaca v. Sipes, 386 U.S. 171, 190 (1967). A union's conduct is arbitrary if it is so far outside a wide range of reasonableness as to be irrational. Vavro, 39 F. Supp. 2d at 559, citing Air Line Pilots, 499 U.S. at 67. Furthermore, a union official's conduct is not arbitrary

---

[1]    Plaintiff pled Count II as a breach of contract action; however, in his memorandum in opposition to defendant's motion, plaintiff also argues that Count II is a wrongful discharge action. Pl.'s Mem. of Law Opposing Def.'s Mot. at 2. To the extent this Court will consider whether plaintiff has alleged that he was wrongfully discharged, his claim must be dismissed with prejudice because he has not alleged that he brought wrongful discharge as an EEO action (see generally Complaint) and, in fact, he did not bring a wrongful discharge claim to the EEO. See 42 U.S.C. § 2000e-5 (Title VII require claimants to exhaust administrative remedies and procedures prior to bringing a civil action in district court); see also Robinson v. Dalton, 107 F.3d 1018, 1025 (3d Cir. 1997).

"when it is merely inept or negligent nor does mere disagreement about strategy form a foundation of a [lawsuit against the union and/or employer]." Vavro, 39 F. Supp. 2d at 559. Plaintiff has not alleged any facts that meet this standard, nor will he be able to meet this standard.

In response to defendant's motion, plaintiff points to three exhibits attached to his complaint (Exs. G, J, and L) and refers to unidentified documentation and testimony from Postal Service managers and union personnel for the purpose of arguing that the union did not fairly represent him. Pl.'s Mem. of Law Opposing Def.'s Mot. at 1-2. Exhibits G, J and L do not constitute an allegation that the union failed to properly represent plaintiff, nor can they be construed to support such an allegation.[2]

Exhibit G is a letter to a Postal Service General Manager from plaintiff's counsel reciting plaintiff's efforts to be assigned to day shift and management's responses. Compl., Ex. G. Exhibit G contains one sentence that says "Mr. Howard has attempted to bring a grievance in this matter but the step process of the grievance has been untimely" and another sentence alleged that step four of the grievance was certainly untimely. Id. Exhibit J is a Notification of Personnel Action that, among other things, references a grievance settlement. Compl., Ex. J. Exhibit L is a February 12, 1997 letter to plaintiff from his manager assigning him to day shift on a temporary basis due to his medical limitations. Compl., Ex. L.

Nothing in these three documents suggests that the union did not fairly represent plaintiff by acting in bad faith or in an arbitrary or discriminatory manner. Indeed, Exhibit G, containing

---

[2] Plaintiff cannot prevent a ruling against him by alleging that unidentified additional documentation and testimony supports his cause. Such an assertion would be contrary to the legal standard for motions to dismiss that requires the Court to consider **all well-pleaded allegations** to be true.

plaintiff's complaint about the timeliness of the union action, states that the union was pursuing plaintiff's grievance to step four, which is the last step of the union grievance procedure. Furthermore, nowhere in his complaint did plaintiff allege that union did not fairly represent him because of timeliness issues. (Exhibits J and L contain no criticisms of the union's representation and do not appear relevant to plaintiff's contention.)

Plaintiff also contends that unidentified correspondence between the union and the Postal Service reflects that plaintiff's grievances were closed; that the union made an agreement with the Postal Service that the grievances would be resolved consistent with the EEO decision; and that neither plaintiff nor his counsel were told of the union's agreement with the Postal Service. Pl.'s Mem. of Law Opposing Def.'s Mot. at 2. None of these allegations, based on unidentified documents, were made in plaintiff's complaint; however, even if they had been, they do not support an allegation that the union did not fairly represent plaintiff.

The union agreement applicable to plaintiff is the United States Postal Service National Postal Mail Handlers' National Agreement. Compl. ¶¶ 13, 46. Under Article 15.2 of that agreement, either an employee or a union steward may initiate a grievance at step one of the grievance procedure. November 21, 2002 Declaration of Frank Jacquette, Labor Relations Specialist, United States Postal Service Headquarters Labor Relations Office ("Jacquette Decl."), ¶ 5. (This declaration is being filed contemporaneously with defendant's reply brief.) Once step one of the grievance is complete, the union, not the employee, may unilaterally decide whether to pursue a grievance to steps two, three or four. Jacquette Decl., ¶ 6. Most importantly, however, under Article 15.2 of the agreement, the union has the right and authority at any time to settle a grievance, in whole or in part, with or without the consent of the employee. Jacquette Decl., ¶ 7.

Accordingly, plaintiff's contention that the union failed to fairly represent him is without any merit. The union's alleged settlement of his grievance without notifying him or his counsel is completely consistent with Article 15.2 of the collective bargaining unit agreement that governs plaintiff's employment with the Postal Service. Plaintiff's inability to allege that the union did not fairly represent him as required by DelCostello precludes him from bringing a breach of contract action against the Postal Service and requires dismissal of Count II.

                Respectfully submitted,

                PATRICK L. MEEHAN
                United States Attorney


                _____
                JAMES G. SHEEHAN
                Assistant United States Attorney
                Chief, Civil Division


                _____
                BARBARA ROWLAND
                Assistant United States Attorney
                615 Chestnut Street, Suite 1250
                Philadelphia, PA 19106
                (215) 861-8311 Telephone
                (215) 861-8349 Facsimile

Of Counsel:

Jennifer S. Breslin
Attorney, Law Department
Philadelphia Field Office
United States Postal Service
P.O. Box 40595
Philadelphia, PA 19197-0595
(215) 931-5091

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the _____ day of November 2002, I caused a true and correct copy of the foregoing Reply to Plaintiff's Answer to Defendant's Motion to Dismiss or, in the Alternative, to Strike to be served by first-class United States mail, postage prepaid, upon the following:

          James J. Munnis, Esq.
          882 S. Matlack Street
          Suite 101
          West Chester, PA 19382


          _____
          Barbara Rowland