**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID HOWARD, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-3797 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER TO
COUNT I OF PLAINTIFF'S AMENDED COMPLAINT**

**Wrongful Discharge**

Defendant United States Postal Service, by its attorneys, Patrick L. Meehan, United

States Attorney for the Eastern District of Pennsylvania, and Barbara Rowland, Assistant United

States Attorney, for its Answer to Count I of plaintiff David Howard's Amended Complaint

states the following upon information and belief.  With regard to the allegations contained in the

numbered paragraphs of the Amended Complaint, defendant responds as follows, according to

the numbered paragraphs thereof:

4.    Paragraph 4 of plaintiff's Amended Complaint contains conclusions

of law to which no response is required.

5.    Defendant denies that plaintiff is a disabled person within the meaning of the

Rehabilitation Act.

6.    After reasonable investigation, defendant is without sufficient knowledge or

information to form a reasonable belief as to the truth of the allegations set forth in Paragraph 6

of plaintiff's Amended Complaint and, therefore, they are denied.

7.    Paragraph 7 of plaintiff's Amended Complaint contains statements taken from the National Agreement between the Mail Handlers Union and the Postal Service. That document speaks for itself.

8.    Paragraph 8 of plaintiff's Amended Complaint contains conclusions of law to which no response is required.

9.    Paragraph 9 of plaintiff's Amended Complaint contains allegations of jurisdiction to which no response is required.

10.    Admitted.

11.    Admitted, except, however, it is noted that United States Postal Service did not receive copies of the referenced exhibits with the Amended Complaint. The United States assumes for purposes of answering the Amended Complaint that plaintiff's exhibits for the Amended Complaint are the same as those attached to the original complaint. With that understanding, the United States admits that Exhibit A to the original complaint is a Notice of Final Action.

12.    Admitted.

13.    The first sentence in paragraph 13 of plaintiff's Amended Complaint contains allegations of venue to which no response is required. The second sentence is admitted.

14.    Admitted.

15.    Defendant admits only that plaintiff advised it that he was seeking help for drug and alcohol addiction in 1996. Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegation concerning plaintiff's efforts to seek treatment for drug and alcohol addiction and, therefore, it is denied.

16.    Defendant admits that plaintiff advised it that he attended a ten-day program beginning on or about September 4, 1996 and including a three-month aftercare program. Defendant further admits that plaintiff returned to work on September 14, 1996 on his normal night shift.

17.    Defendant admits only that beginning in October 1996, Postal Service management at the Southeastern facility attempted to accommodate plaintiff's alleged disability while still maintaining Postal Service operations in accordance with Postal Service policies, regulations, and the collective bargaining agreement with the mail handlers. Defendant denies that plaintiff had an agreement with his manager that he could work day shift as long as he provided medical documentation.

18.    Defendant admits that plaintiff provided the Postal Service with medical documentation. Defendant affirmatively avers that it advised plaintiff that to be permanently assigned to the day shift, plaintiff should, in compliance with the terms of the Postal Service's collective bargaining agreement with the mail handlers, bid on a day shift position thereby allowing the Postal Service to fill his night shift position. Defendant further avers that because plaintiff failed to do so, the Postal Service was not able to schedule plaintiff to work the day shift on a permanent basis without violating the terms of the collective bargaining agreement.

19.    Defendant admits that plaintiff's doctors diagnosed him as having depression and that they recommended he work day shift during his recovery period.

20.    Admitted.

21.    Admitted in part. Defendant denies that plaintiff's medical documentation was provided immediately.

22.    Defendant admits that Frank Ranieri sent plaintiff a letter on or about

-3-

January 21, 1998, acknowledging receipt of medical documentation and that Margaret DeRentis

sent Mr. Ranieri a letter dated December 19, 1997 stating that plaintiff was able to return to work

full-time on the day shift.  Defendant admits that copies of both letters are attached to the

original complaint in Exhibit B.  The remaining allegations of material fact set forth in

Paragraph 22 of plaintiff's Amended Complaint are denied.

23.    Admitted, except that the Postal Service affirmatively avers that the referenced

note from Dr. Etezady is one of several pages in Exhibit C to the original complaint.

24.    Admitted.

25.    Defendant admits that on January 26, 1998 plaintiff submitted a Request for Light

Duty Form with the word "permanent" written on it.  Defendant is without sufficient knowledge

or information to form a reasonable belief as the truth of the allegation that plaintiff submitted

the Request for Light Duty Form because of the specific actions of the Postal Service alleged in

sections a), b), and c) of paragraph 25.  Furthermore, defendant denies that it a) continued to

request medical documentation from plaintiff, and b) refused to accept documentation from

plaintiff.  Defendant admits that it c) refused to allow plaintiff continued light duty.

26.    Admitted, except that the Postal Service affirmatively avers that the referenced

letter is Exhibit D to the original complaint.

27.    Defendant admits only that on February 13, 1998 plaintiff sent Mr. Ranieri a

letter.  Defendant affirmatively avers that while the letter speaks for itself, it addresses

accommodation without reference to a disability and it does not explicitly request a day shift

assignment.  Defendant also affirmatively avers that the February 13, 1998 letter is Exhibit E to

the original complaint and admits that it appears to be a true and correct copy.

28.    Defendant admits that plaintiff continued to provide the Postal Service

-4-

with medical documentation after February 13, 1998, and that on July 1, 1998 the Postal Service notified plaintiff that the medical documentation he had submitted was insufficient.

29.    Defendant admits that on July 27, 1998, Dr. Etezady provided correspondence to the Postal Service.  The contents of Dr. Etezady's note speaks for itself.  Defendant admits that the referenced note is Exhibit F to the original complaint and that it appears to be a true and correct copy.

30.    Defendant admits that the Postal Service received correspondence from plaintiff's counsel concerning his return to work.  Defendant affirmatively avers that the referenced correspondence is Exhibits G and H of the original complaint and admits that they appear to be true and correct copies.  Defendant admits that the Postal Service did not respond specifically to the referenced correspondence requesting that plaintiff be reinstated and accommodated on the day shift.  Defendant affirmatively avers that at the time these letters were sent, the Postal Service had advised plaintiff in February 1998 to bid on a day shift position, apply for disability retirement or resign, which plaintiff did not do and which resulted in his eventual termination from the Postal Service.  Defendant also affirmatively avers that in September 1998, plaintiff had initiated an EEOC action complaining of discrimination based on disability and the Postal Service was investigating his claim of discrimination.

31.    Paragraph 31 of plaintiff's Amended Complaint contains conclusions of law to which no response is required.

32.    Paragraph 32 of plaintiff's Amended Complaint contains conclusions of law to which no response is required.

33.    Paragraph 33 contains allegations paraphrasing testimony provided by witnesses at the EEOC hearing.  That testimony speaks for itself.

-5-

34.     Witness testimony during the EEOC hearing speaks for itself.

35.     Defendant admits that the Postal Service has and continues to use casual employees as necessary.  Defendant admits that plaintiff prior to May 1997 had been a full time non-probationary employee.  The remaining allegations of material fact set forth in paragraph 35 of plaintiff's Amended Complaint are denied.

36.     Paragraph 36 of plaintiff's Amended Complaint contains conclusions of law to which no response is required.

37.     Paragraph 37 of plaintiff's Amended Complaint contains conclusions of law to which no response is required.

38.     Denied.

39.     Dr. Etezady's August 30, 1999 note speaks for itself.  Defendant affirmatively avers that the note is Exhibit I to the original complaint and admits that it is a true and correct copy.

40.     Denied.

41.     Admitted.

42.     The June 6, 2002 Notice of Personnel Action speaks for itself.  Defendant affirmatively avers that the note is Exhibit J to the original complaint.

43.     Defendant admits only that plaintiff was an employee of the Postal Service according to the terms of the Rehabilitation Act.

44.     Denied.

45.     Paragraph 45 of plaintiff's Amended Complaint contains conclusions of law to which no response is required.  To the extent that Paragraph 45 contains allegations of material fact, they are denied.

46.     Denied.

47.     Paragraph 47 of plaintiff's Amended Complaint contains conclusions of law to which no response is required.  Defendant denies specifically, however, that punitive damages are available against the Postal Service.

48.     Paragraph 48 of plaintiff's Amended Complaint contains conclusions of law to which no response is required.

49.     Paragraph 49 of plaintiff's Amended Complaint contains allegations of jurisdiction to which no response is required.

50.     Paragraph 50, including subparts 1 through 3, contain conclusions of law to which no response is required.

WHEREFORE, the paragraph immediately following paragraph 50 of plaintiff's Amended Complaint contains plaintiff's prayer for relief to which no response is required.  To the extent, however, that plaintiff seeks punitive damages, defendant asserts that punitive damages are not available against the United States Postal Service.

Defendant denies each and every allegation of material fact set forth in plaintiff's Amended Complaint not herein before admitted, denied or otherwise modified.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

All actions taken by defendant with respect to plaintiff's employment were non-discriminatory and were based on good faith and were not in violation of any federal law prohibiting discrimination. Accordingly, plaintiff is barred from recovery in this action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*, because he has not alleged a qualifying mental or physical impairment at any time.

## FOURTH AFFIRMATIVE DEFENSE

Should plaintiff succeed in showing that he has a qualifying mental or physical impairment, accommodation of plaintiff in the manner requested would cause the United States Postal Service undue hardship.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages against the United States Postal Service. Robinson v. Runyon, 149 F.3d 507 (6th Cir. 1998).

## SIXTH AFFIRMATIVE DEFENSE

Under Title VII, plaintiff's recovery of compensatory damages is limited to $300,000. 42 U.S.C.A. §1981(b)(3)(D).

WHEREFORE, defendant prays that plaintiff take nothing by way of his complaint, that the same be dismissed and that judgment be awarded in favor of defendant together with costs and such other and further relief as the Court deems appropriate in this case.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

_____
VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division

_____
BARBARA ROWLAND
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8311 Telephone
(215) 861-8349 Facsimile

Of Counsel:
Jennifer S. Breslin
Attorney, Law Department
Philadelphia Field Office
United States Postal Service
P.O. Box 40595
Philadelphia, PA  19197-0595
(215) 931-5091

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the _____ day of March, 2003, I caused a true and

correct copy of the foregoing Defendant's Answer to Count I of Plaintiff's Amended Complaint

to be served by first-class United States mail, postage prepaid, upon the following:

James J. Munnis, Esq.
882 S. Matlack Street
Suite 101
West Chester, PA 19382


_____
Barbara Rowland