## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOWARD, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 02-3797 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |

## ORDER

     AND NOW on this _____ day of _____, 2003, upon consideration of Defendant United States Postal Service's Renewed Motion to Dismiss Count II, it is hereby ORDERED that Count II of plaintiff David Howard's Complaint is dismissed for failure to state a claim upon which relief may be granted based on the reasons set forth in the United States' memorandum of law and incorporated herein by reference.

                                                           _____
                                                           U.S.D.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOWARD, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 02-3797 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT'S RENEWED MOTION TO DISMISS COUNT II

For the reasons set forth in the accompanying Memorandum of Law, defendant United States Postal Service respectfully requests the Court to dismiss Count II of plaintiff David Howard's complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Fed. R. Civ. P.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

_____
VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division

_____
BARBARA ROWLAND
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8311 Telephone
(215) 861-8349 Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOWARD, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 02-3797 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S RENEWED MOTION TO DISMISS COUNT II**

Defendant United States Postal Service ("Postal Service") renews its motion to dismiss Count II of plaintiff David Howard's Complaint because under Rule 12(b)(6), Fed. R. Civ. P., it fails to state a claim for which relief can be granted. The Court denied defendant's original motion to dismiss as moot when it granted plaintiff's request to amend Count I of his complaint to allege a cause of action under the Rehabilitation Act of 1973 to replace his Americans With Disabilities Act claim.

Defendant renews its motion with respect to Count II, a breach of contract claim, because contrary to 39 U.S.C. § 1208(b), which permits a union member to sue a union, plaintiff failed to allege that the union breached its duty of fair representation in handling a grievance against the Postal Service for alleged discriminatory treatment. Plaintiff made no allegations in his complaint or in any of the several exhibits to the complaint that his union breached its duty of fair representation with respect to his disability claim.

**FACTUAL BACKGROUND**

Plaintiff was hired by the Postal Service on December 31, 1988 as a clerk in the Southeastern Processing and Distribution Center in Devon, Pennsylvania. Complaint ("Compl.") ¶ 13. He later became a mail handler, a position that he maintained until his separation from the Postal Service in 1998. Id.

As a mail handler, plaintiff was a career craft-level employee within the workforce of the Postal Service, and the collective bargaining agreement between such employees and the Postal Service, known as the United States Postal Service National Postal Mail Handlers' National Agreement, applied to the plaintiff. September 5, 2002 Declaration of Joseph M. Ruser, ¶ 4 (hereafter "Ruser Decl."), filed contemporaneously herewith. That collective bargaining agreement contained provisions prohibiting discrimination under the Rehabilitation Act of 1973 (Article 2, Section 2.1) and governing grievances arising out of alleged discriminatory conduct (Article 2, Section 2.3) or other violations of the collective bargaining agreement (Article 15). Ruser Decl., ¶ 5.

Plaintiff alleges that he has suffered from depression due to alcohol and drug dependency. Compl. ¶ 5. Plaintiff alleges that he entered a ten-day treatment program on or about September 4, 1996, which was followed by a three-month aftercare program. Compl. ¶ 15. At the time he participated in the program, plaintiff was assigned to a night shift at the Postal Service. Id. He returned to that shift on or about September 14, 1996, when he completed the ten-day treatment program. Id.

On or about October 1, 1996, plaintiff requested and received a revised schedule from his supervisor allowing him to temporarily work only day shifts. Compl. ¶ 16. In May 1997,

plaintiff was told by the Postal Service that he could not indefinitely work only day shifts. Compl. ¶ 19.

For purposes of this motion only and assuming the allegations of the complaint in a light most favorable to the plaintiff,[1] the United States will agree to plaintiff's allegations that he continued to seek accommodation for his alleged disability by being assigned to day shift, and the Postal Service refused to provide him with that accommodation. Compl. ¶¶ 24-31. Furthermore, the United States will agree for purposes of this motion only that the Postal Service terminated plaintiff's employment on or about June 6, 2002. Compl. ¶ 32, 33. Plaintiff's complaint contains no allegations regarding any grievance brought by his union regarding prohibited discriminatory treatment under the collective bargaining agreement. See generally Complaint.

## STANDARD OF REVIEW

In ruling on a motion under Rule 12(b)(6), the Court must assume all well pleaded facts to be true for purposes of the motion to dismiss only. Conley v. Gibson, 355 U.S. 41 (1957); City of Philadelphia v. Lead Industries Ass'n Inc., 994 F.2d 112 (3d Cir. 1993); Schrob v. Catterson, 948 F.2d 1402 (3d Cir. 1991). Courts have routinely held, however, that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 James W. Moore et al., Moore's Federal Practice, § 12.34[1][b] (3d ed. 1999) (quoting Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993)).

---

[1] The United States is filing contemporaneously with this motion an Answer to Count I of the Complaint. The Answer states the extent to which the United States Postal Service denies some or all of plaintiff's allegations.

**ARGUMENT**

**I.   COUNT II MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO ALLEGE THAT THE UNION DID NOT FAIRLY REPRESENT HIM**

Count II of plaintiff's complaint is titled "breach of contract." Plaintiff references several paragraphs of the union's collective bargaining agreement with the Postal Service having to do with temporary and permanent reassignments for injured or ill employees (Compl. ¶¶ 41, 43, 48, 51) and the strong support of the union and Postal Service for drug addiction treatment programs (Compl. ¶ 47). Plaintiff alleges that the Postal Service breached the collective bargaining agreement as follows: the Postal Service arbitrarily and wrongfully refused to continue his temporary reassignment to day shift (Compl. ¶¶ 45, 58-61); the Postal Service's claim of undue hardship in refusing to continue plaintiff on day shift was a pretext for discrimination (Compl. ¶ 53); and the Postal Service erroneously terminated plaintiff (Compl. ¶ 62).

The United States is immune from suit except to the extent that Congress has, by statute, expressly consented to waive sovereign immunity. United States v. Mitchell, 455 U.S. 535, 538 (1980). The Supreme Court has emphasized that any waiver of sovereign immunity "must be strictly construed in favor of the United States." Ardestani v. I.N.S, 502 U.S. 129, 130 (1976). In this instance, the only federal statute that provides for jurisdiction over the Postal Service for employment-related contract claims is 39 U.S.C. § 1208(b).[2] That statute permits suits against the Postal Service based on contracts with labor unions to be brought in federal district court. See 39 U.S.C. § 1208(b) ("Suits for violation of contracts between the Postal Service and the

---

[2]   Plaintiff cannot bring an action against the Postal Service for breach of employment contract. Postal employees are appointed, not hired, therefore, they do not have employment contracts with the Postal Service. See Sims v. Local 308 Mailhandling, Civ. A. No. 93-6814, 1994 WL 268252 *4 (E.D. Pa. June 15, 1994); Reeder v. Frank, 813 F. Supp. 773, 778-79 (D. Utah 1992).

-4-

labor organizations representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction over the parties without respect to the amount in controversy").

While on its face, 39 U.S.C. § 1208(b) provides district court jurisdiction for suits only between the Postal Service and labor organizations or between labor organizations, the Supreme Court has held with respect to a similar federal statute, § 301(a) of the Labor Management Relations Act, codified at 29 U.S.C. § 185, that individual employees have standing to sue under such statutes. Sims v. Local 308 Mailhandling, Civ. A. No. 93-6814, 1994 WL 268252 *2 (E.D. Pa. June 15, 1994). Because § 1208(b) is analogous to § 301(a), case law developed under § 301(a) for private sector employees is equally applicable to actions brought by employees of the Postal Service under § 1208(b). See, e.g., Bacashihua v. United States Postal Service, 859 F.2d 402, 405 (6th Cir.1988); Trent v. Bolger, 837 F.2d 657, 659 (4th Cir.1988).

Assuming the Court treats plaintiff's breach of contract claim as though brought under § 1208(b), Count II fails to state a claim upon which relief may be granted because plaintiff has not met a necessary requirement for suits against the Postal Service for breach of a collective bargaining agreement. Plaintiff has failed to allege that the union breached its duty of fair representation. Such an allegation (and ultimately showing of proof) is necessary for plaintiff to pursue his breach of contract claim against the Postal Service.

In DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), the Supreme Court held that to sue either the employer or the union or both under the collective bargaining agreement, the plaintiff-employee must prove the same case, i.e., that the union breached its duty of fair representation **and** that the employer breached the collective bargaining agreement. 462 U.S. at 163-65; see also Albright v. Virtue, 273 F.3d 564, 576 (3d Cir. 2001);

Vavro v. Gemini Food Markets, Inc., 39 F. Supp. 2d 553, 559 (E.D.Pa. 1999). The Supreme Court's rationale was as follows:

> It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement. Ordinarily, however, an employee is required to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. Subject to very limited judicial review, he will be bound by the result according to the finality provisions of the agreement. [We have] recognized that this rule works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation. In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding. Such a suit, as a formal matter, comprises two causes of action. . . . "Yet the two claims are inextricably interdependent. ***'To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.'" (Citations omitted). The employee may if he chooses sue one defendant and not the other, but the case he must prove is the same whether he sues one, the other, or both.***

DelCostello, 462 U.S. at 164-65 (internal citations omitted) (emphasis added). These claims are generally referred to as "hybrid" claims: if the employee's claim fails against either the union or the employer, the claim fails against both. Id. at 165.

To prove that the union breached its duty of fair representation, plaintiff must demonstrate that the union's actions were either arbitrary, discriminatory or in bad faith. Vavro, 39 F. Supp. 2d at 559, citing Air Line Pilots Association International v. O'Neill, 499 U.S. 65, 67 (1991), and Vaca v. Sipes, 386 U.S. 171, 190 (1967). A union's conduct is arbitrary if it is so far outside a wide range of reasonableness as to be irrational. Vavro, 39 F. Supp. 2d at 559, citing Air Line Pilots, 499 U.S. at 67. Furthermore, a union official's conduct is not arbitrary

"when it is merely inept or negligent nor does mere disagreement about strategy form a foundation of a [lawsuit against the union and/or employer]." Vavro, 39 F. Supp. 2d at 559. Plaintiff has not alleged any facts that meet this standard.

In his complaint, plaintiff failed to allege that his union breached a duty of fair representation. When this defect was pointed out in defendant's original motion to dismiss, plaintiff responded by identifying three exhibits attached to his original complaint (Exs. G, J, and L) and by referring to unidentified documentation and testimony from Postal Service managers and union personnel for the purpose of arguing that the union did not fairly represent him. Pl.'s Mem. of Law Opposing Def.'s Mot. at 1-2. The three exhibits, Exhibits G, J and L, do not, however, contain information that would constitute an allegation that the union failed to properly represent plaintiff, nor can they be construed to prove such an allegation.[3]

Exhibit G is a letter to a Postal Service General Manager from plaintiff's counsel reciting plaintiff's efforts to be assigned to day shift and management's responses. Compl., Ex. G, attached for the Court's convenience. Exhibit G contains one sentence that says "Mr. Howard has attempted to bring a grievance in this matter but the step process of the grievance has been untimely" and another sentence alleged that step four of the grievance was certainly untimely. Id. Exhibit J is a Notification of Personnel Action that, among other things, references a grievance settlement. Compl., Ex. J, attached for the Court's convenience. Exhibit L is a February 12, 1997 letter to plaintiff from his manager assigning him to day shift on a temporary basis due to his medical limitations. Compl., Ex. L, attached for the Court's convenience.

---

[3]   Plaintiff cannot prevent a ruling against him by alleging that unidentified additional documentation and testimony supports his cause. For a motion to dismiss, the Court must consider ***all well-pleaded allegations*** to be true and unidentified documents and testimony does not meet that standard.

Nothing in these three exhibits suggests that the union did not fairly represent plaintiff by acting in bad faith or in an arbitrary or discriminatory manner. Indeed, Exhibit G, containing plaintiff's complaint about the timeliness of the union action, states that the union was pursuing plaintiff's grievance to step four, which is the last step of the union grievance procedure. Furthermore, nowhere in his original or amended complaint did plaintiff allege that union did not fairly represent him because of timeliness issues. Exhibits J and L contain no criticisms of the union's representation and do not appear relevant to plaintiff's contention.

In the absence of allegations that the union failed to fairly represent him, plaintiff's breach of contract claim must be dismissed. See Vosch v. Werner Continental, Inc., 734 F.2d 149, 154 (3d Cir. 1984), cert. denied, 469 U.S. 1108 (1985) (plaintiff-employees failed to state a cause of action under § 301 of the Labor Management Relations Act because they did not "challenge the fairness or adequacy of their union's representation in the arbitration procedure, nor do they impugn the integrity of the arbitration process"); Morales v. The P.F. Laboratories, Inc., No. CIV. A. 00-150, 2000 WL 33678049 *3 (D.N.J. Aug. 3, 2000) (because plaintiff's amended complaint failed to allege that union's conduct in handling arbitration was arbitrary, discriminatory or carried out in bad faith, complaint was dismissed for failure to state a claim for which relief could be granted); Ruffin v. United States Postal Service, Civ. A. No. 92-0685, 1992 WL 437504 *3 (E.D. Pa. Nov. 3, 1992) (plaintiff-employee must allege that union failed to provide adequate representation).

## II. PLAINTIFF'S ALLEGATIONS REGARDING UNION HANDLING OF HIS GRIEVANCE DO NOT CONSTITUTE UNFAIR REPRESENTATION

Plaintiff also contended in its opposition to defendant's original motion to dismiss that correspondence between the union and the Postal Service, which he did not identify, reflected

that plaintiff's grievances were closed; that the union and the Postal Service reached an agreement that the grievances would be resolved consistent with the EEO decision; and that neither plaintiff nor his counsel were told of the union's agreement with the Postal Service. Pl.'s Mem. of Law Opposing Def.'s Mot. at 2. None of these allegations, all of which are based on unidentified documents, were made in either plaintiff's original or amended complaint; however, even if they had been, they do not support an allegation that the union did not fairly represent plaintiff.

The union agreement applicable to plaintiff is the United States Postal Service National Postal Mail Handlers' National Agreement. Compl. ¶¶ 13, 46. Under Article 15.2 of that agreement, either an employee or a union steward may initiate a grievance at step one of the grievance procedure. November 21, 2002 Declaration of Frank Jacquette, Labor Relations Specialist, United States Postal Service Headquarters Labor Relations Office ("Jacquette Decl."), ¶ 5. (This declaration is being filed contemporaneously with this renewed motion.) Once step one of the grievance is complete, the union, not the employee, may unilaterally decide whether to pursue a grievance to steps two, three or four. Jacquette Decl., ¶ 6. Most importantly, however, under Article 15.2 of the agreement, the union has the right and authority at any time to settle a grievance, in whole or in part, with or without the consent of the employee. Jacquette Decl., ¶ 7.

For these reasons, the union's alleged settlement of his grievance without notifying him or his counsel is completely consistent with Article 15.2 of the collective bargaining unit agreement that governs plaintiff's employment with the Postal Service. Accordingly, this contention by plaintiff that the union failed to fairly represent him is without any merit.

## CONCLUSION

For the reasons set forth in defendant's renewed motion to dismiss and this memorandum of law, the Postal Service respectfully requests the Court to dismiss Count II of the Complaint under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief may be granted.

    Respectfully submitted,

    PATRICK L. MEEHAN
    United States Attorney


_____
VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division


_____
BARBARA ROWLAND
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8311 Telephone
(215) 861-8349 Facsimile

Of Counsel:

Jennifer S. Breslin
Attorney, Law Department
Philadelphia Field Office
United States Postal Service
P.O. Box 40595
Philadelphia, PA  19197-0595
(215) 931-5091

## CERTIFICATE OF SERVICE

     I hereby certify that on the _____ day of March 2003, I caused a true and correct copy of the foregoing Defendant's Renewed Motion to Dismiss and Memorandum of Law, including Declarations of Joseph M. Ruser and Frank Jacquette, to be served by first-class United States mail, postage prepaid, upon the following:

        James J. Munnis, Esq.
        882 S. Matlack Street
        Suite 101
        West Chester, PA 19382

        _____
        Barbara Rowland