**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DAVID HOWARD,                          :
                  Plaintiff,      :      C.A. No. 02-3797
                           :
              v.                          :
                           :
UNITED STATES POSTAL SERVICE,  :
                 Defendant.   :

**DECLARATION OF JOSEPH M. RUSER**

I, JOSEPH M. RUSER, declare under penalty of perjury as follows:

      1.    I am a Acting Labor Relations Specialist in the Labor Relations Office of the Lancaster District of the United States Postal Service.

      2.    My duties and responsibilities include, but are not limited to, representing management officials from the Lancaster District of the United States Postal Service in disputes, including but not limited to grievances, arising out of collective bargaining agreements between the Postal Service and its labor organizations.

      3.    The terms and conditions of employment for Postal Service employees in the mailhandler craft are generally governed by the Mailhandlers National Agreement.

      4.    I am familiar with Plaintiff David Howard from reviewing the motion to dismiss and the records from the Postal Service Labor Relations Grievance Arbitration Tracking System [GATS] database. Plaintiff was a career craft level employee who worked as a mailhandler within the workforce of the Postal Service prior

to his removal. Plaintiff was a member of the Mailhandler union. The collective bargaining agreement between such employees and the Postal Service, known as the Mail Handlers National Agreement, applied to Plaintiff.

        5.     I have reviewed the Motion to Dismiss to which this declaration is attached. The provisions cited in the motion were in effect for each bargaining agreement with the Mailhandlers from 1996 through the present: Article 2, Section 2.1; Article 2, Section 2.3; and Article 15.


     I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that to the best of my knowledge, information and belief that the above statements are true and correct.

        EXECUTED this 16th   day of September 2002.

                           JOSEPH M. RUSER
                           Acting Labor Relations Specialist
                           Labor Relations Office
                           Lancaster District
                           United States Postal Service

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DAVID HOWARD,                          :

             Plaintiff,     :     C.A. No. 02-3797

          v.                          :

UNITED STATES POSTAL SERVICE,   :

             Defendant.    :

<u>DECLARATION OF FRANK JACQUETTE</u>

I, FRANK JACQUETTE, declare under penalty of perjury as follows:

      1.     I am a Labor Relations Specialist at the Headquarters Labor Relations Office of the United States Postal Service in Washington D.C.

      2.     My duties and responsibilities include, but are not limited to, overseeing and conducting the most complex projects for the design, development, implementation, evaluation, monitoring, administration, and improvement of national labor relations programs and policies, including agreement implementation, grievance handling, arbitration, contract analysis, collective bargaining, and appeals.

      3.     My duties also include providing support and guidance to the labor relations representatives in the field. My team is assigned to handle matters involving the USPS- National Postal Mail Handlers' National Agreement.

      4.     The terms and conditions of employment for Postal Service employees in the mailhandler craft are generally governed by the USPS- National Postal Mail Handlers National Agreement.

5.    According to the contract, either an employee or a union steward may initiate a grievance at step 1.  Article 15.2.

6.    The union may unilaterally decide whether to appeal a step one grievance to step 2, 3 or 4 of the Grievance-Arbitration procedure. Article 15.2.

7.    At all times the union has the right and authority to settle any grievance, in whole or in part, with or without the consent of the individual grievant. Article 15.2.


I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that to the best of my knowledge, information and belief that the above statements are true and correct.

EXECUTED this _21st_ day of November 2002.

FRANK X. JACQUETTE III
Labor Relations Specialist
Contract Administration NRLCA/NPMHU
Headquarters
United States Postal Service

EXHIBIT "G"



CAROSELLA & FERRY, P.C.

ATTORNEYS AT LAW

October 29, 1998

Mr. Jeffrey Bergen
General Manager
Southeastern Post Office
Southeastern, PA  19399-9998

RE:  David Howard, SS #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

Dear Mr. Bergen:

        This law firm represents Mr. David Howard, a U.S. Post Office employee since 1987, in his attempt to return to employment at the Southeastern Post Office location. Specifically, Mr. Howard, attempting to recover from a prior drug dependency and subsequent depression, submitted medical documentation that he was able to return to work, but should remain on day shift indefinitely.

        Unfortunately, and apparently without valid justification, during May of 1997 both Mr. Frank J. Ranieri, Manager of Distribution Operations and Mr. Tung Min Kwan, Acting Plant Manager, sent letters to Mr. Howard's attention denying his request for a "revised schedule" stating that it was for personal reasons and personal convenience and therefore denied. It should be noted that both Mr. Ranieri and Mr. Kwan's letters are incorrect, in that as per the documentation submitted by Mr. Howard, the request for the revised schedule was for medical reasons.

        A May 9, 1997 letter from Mr. Ranieri states "the seven previous requests ........were so that you could resolve your personal problems." Again, this assumption is incorrect. Mr. Howard has submitted the following medical reports and documents concerning the need for a consistent day shift schedule:

•       A January 14, 1997 note from Dr. Joseph K. Stanella stating that treatment of Mr. Howard is going well and part of his improvement is due to his being able to work on day shift, which according to Dr. Stanella "it is imperative for his continued treatment that he continue to work only on day shift. This is for medical necessity. Switching to another shift would seriously jeopardize his treatment."

•       An undated letter from Dr. Stanella simply stating "Mr. David Howard continues in treatment. He continues to do well. As part of his treatment he needs to continue working on the day shift only.

| 882 SOUTH | | WEST | | | | | TARRAGON | | SUITE 305 | |

Mr. Jeffrey Bergen
October 29, 1998
page 2

- A February 4, 1997 return to work certification signed by Dr. Stanella listing the work restrictions as day shift only for at least six (6) months.

- A light duty medical statement of physical condition signed by Dr. M. H. Etezady stating that as of 9/21/96 David Howard is partially incapacitated from work.

- A January 26, 1998 duty status report signed by Dr. Etezady stating that "Mr. Howard will be able to work forty (40) hours per week. This work needs to be day shift only, with no change in his schedule."

- A June 1, 1998 Physician's Certification from Dr. Etezady stating that, as medical limitations, Mr. Howard "has to be on day shift only."

- A July 27, 1998 note from Dr. Etezady stating that David Howard may return to work and "please note that unless Mr. Howard works on a day shift his treatment and present state of stability will be at risk."

In spite of these many medical documents submitted on behalf of Mr. Howard, letters from Mr. Ranieri and from the Distribution Operations indicate that Mr. Howard is being separated from the employ of the Postal Service because of the "inability to perform the duties of your position." This is patently untrue, as is obviously shown in the medical documents listed above.

Mr. Howard has attempted to bring a grievance in this matter but the step process of the grievance has been untimely. As of the date of this letter, Mr. Howard has been out of work for over sixteen (16) months and has no health insurance. He has continually attempted to return to work during this period. Both Mr. Howard's statements and medical documentation show that he is ready, willing and able to return to work. He is and has been able to perform the duties of his position as a mail handler. The only reasonable accommodation requested is for day shift, which is for medical reasons. Additionally, this accommodation is not permanent but rather indefinite. I find it ironic that casuals work during the day, yet you state that you are unable to accommodate Mr. Howard.

Mr. Jeffrey Bergeu
October 29, 1998
page 3

   While step four of the grievance is certainly untimely, it should be noted that Mr. Howard merely wants to be returned to work with back pay.  Please act in good faith and reinstate Mr. David Howard and pay him back wages for the time that he was wrongfully terminated.  I would ask that you provide an answer to this reinstatement request to my attention and no later than thirty (30) days, that is, by November 29, 1998.  Thank you for your expected cooperation in this matter.

                              Very truly yours,


                              James J. Munnis

JJM/jb


cc:    D. Howard
cc:    F. Phillips

EXHIBIT "J"

 **UNITED STATES POSTAL SERVICE**

**Notification of Personnel Action**

| 01 | EFFECTIVE DATE | 02 | SOCIAL SECURITY NUMBER |
|---|---|---|---|
| | 05-02-2002 | | 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 |

## EMPLOYEE INFORMATION

| | | | |
|---|---|---|---|
| 03 | EMPLOYEE NAME-LAST | HOWARD | |
| 04 | EMPLOYEE NAME-FIRST | DAVID | |
| 05 | EMPLOYEE NAME-MIDDLE | A | |
| 06 | MAILING ADDRESS | 422 FORGE LN | |
| | STREET/BOX/APT | | |
| 07 | MAILING ADDRESS-CITY | EXTON | |
| 08 | MAILING ADDRESS-STATE | PA | |
| 09 | MAILING ADDRESS-ZIP+4 | 19341-1816 | |
| 10 | DATE OF BIRTH | 04-07-1966 | |
| 11 | VETERANS PREFERENCE | 1 - NO PREFERENCE | |
| 12 | SEX | M | |
| 13 | MINORITY | E - WHITE, NON-HISPANIC | |
| 14 | DISABILITY | 06 | |
| 15 | LEAVE COMP DATE | 12-31-1988 | |
| 16 | ENTER ON DUTY DATE | 12-31-1988 | |
| 17 | RETIREMENT COMP DATE | 12-31-1988 | |
| 18 | SERV ANNIVERSARY PAYR | 02-1989 | |
| 19 | TSP ELIGIBILITY | Y - ELIGIBLE WITH DEDUCT | |
| 20 | TSP SERVICE COMP DATE | 12-31-1988 | |
| 21 | PRIOR CSRS SERVICE | N | |
| 22 | FROZEN CSRS TIME | | |
| 23 | LEAVE DATA-CATEGORY | 8 - HOURS/PP | |
| 24 | LEAVE DATA-CHG PAYR | 05-2004 | |
| 25 | LEAVE DATA-TYPE | 1 - ADVANCED AT BEGINNING | |
| 26 | CREDIT MILITARY SERV | | |
| 27 | RETIRED MILITARY | | |
| 28 | RETIREMENT PLAN | 8 - FERS | |
| 29 | EMPLOYEE STATUS | | |
| 30 | LIFE INSURANCE | C0 - Basic Only | |
| 31 | SPECIAL BENEFITS | | |

## POSITION INFORMATION

| | | | |
|---|---|---|---|
| 32 | EMPLOY OFFICE-FIN NO | 41-1627 | |
| 33 | EMPLOY OFFICE-NAME | SOUTHEASTERN POST OFFICE | |
| 34 | EMPLOY OFFICE-ADDRESS | SOUTHEASTERN | |
| | | PA 19399-9994 | |
| 35 | DUTY STATION-FIN NO | 41-1627 | |
| 36 | DUTY STATION-NAME | SOUTHEASTERN POST OFFICE | |
| 37 | APPT EXPIRATION DATE | | |
| 38 | PROBATION EXPN DATE | | |

| | | | |
|---|---|---|---|
| 39 | FLSA STATUS | N - NON-EXEMPT | |
| 40 | PAY LOCATION | 100 | |
| 41 | RURAL CARRIER-ROUTE | | |
| 42 | RURAL CARR-L-RTE ID | | |
| 43 | RURAL CARR-PAY TYPE | | |
| 44 | RURAL CARR-TH-WEEKLY | | |
| 45 | RURAL CARR-PAY EAS | | |
| 46 | RURAL CARR-COMMIT | | |
| 47 | RURAL CARR-EMA | | |
| 48 | RURAL CARR-HOURS | 00 | |
| 49 | RURAL CARR-MILES | 000 | |
| 50 | RURAL SEQUENCE | 1 | |
| 51 | OCCUPATION CODE | 2315-01XX | |
| 52 | POSITION TITLE | MAIL HANDLER | |
| 53 | FUNCTIONAL OPER IDEN | 1780 | |
| 54 | ORG/UNIT/ACTIVITY | 1780 | |
| 55 | POSITION TYPE | 1 - FULL TIME | |
| 56 | LWP HOURS | 00 | |
| 57 | ALLOWANCE CODE | | |
| 58 | EMPLOYMENT TYPE | | |

## SALARY INFORMATION

| | | | |
|---|---|---|---|
| 59 | PAY RATE CODE | A - ANNUAL RATE | |
| 60 | RATE SCHEDULE CODE | M - MAIL HANDLERS | |
| 61 | GRADE/STEP | 04/X | |
| 62 | BASE SALARY | 37,519 | |
| 63 | COLA | | |
| 64 | COLA EQUIVALING | | |
| 65 | NEXT STEP PAYR | 17-2003 | |
| 66 | MERIT ANNIV DATE | | |
| 67 | MERIT LUMP SUM | | |
| 68 | SPECIAL SALARY CODE | | |
| 69 | PROTECTED RSC | | |
| 70 | PROTECTED GRADE/STEP | | |
| 71 | EXPIRATION PAYR | | |
| 72 | PROTECTED RC HOURS | | |
| 73 | PROTECTED RC MILES | | |
| 74 | RC GUARANTEED SALARY | | |
| 75 | ANNUITY AMOUNT | | |
| 76 | RED CIRCLE CODE | 0 | |

## NATURE OF PERSONNEL ACTION

| 77 | NATURE OF ACTION CODE | 356 | 78 | AUTHORITY | | 39-USC Sect 1001 | | |
|---|---|---|---|---|---|---|---|---|
| 79 | DESCRIPTION | SEPARATION DISABILITY | 80 CODE | 822 | 81 CODE | 504 | 82 CODE | 688 | 83 CODE | 688 |
| 84 | REMARKS | | | | July 11-02 | | | |

LAST DAY IN PAY STATUS            05-16-1997
EMPLOYEE TO BE PAID FOR ALL ACCUMULATED LEAVE TO WHICH ENTITLED UNDE
R EXISTING LAW.
SF 8 & TSP WITHDRAWAL PACKAGE GIVEN TO EMPLOYEE
GRIEVANCE SETTLEMENT C94M-1C-C-98000210 & EEOC 170-A1-8653X
& AGENCY # 1C-195-0023-96 JLC 05162002

| 85 | AUTHORIZATION | 86 | PROCESSED DATE | 05-23-2002 |
|---|---|---|---|---|
| | GARY L. McCURDY, VP | 87 | PERSONNEL OFFICE ID | MF48 |
| | AREA OPERATIONS-ALLEGHENY AREA | 88 | OFF LOCATION | SOUTHEASTERN POST OFFICE |

UNITED STATES POSTAL SERVICE
SOUTHEASTERN POST OFFICE
1000 W VALLEY RD
SOUTHEASTERN, PA 19399-9994

DAVID A HOWARD
422 FORGE LN
EXTON, PA 19341-1816

## CONDITIONS PERTINENT TO ALL TYPES OF PERSONNEL ACTIONS

The personnel action identified on the enclosed form, Notification of Personnel Action is subject to all applicable laws, rules and regulations governing employment with the U. S. Postal Service. The action may be corrected or cancelled if not in accordance with all legal or regulatory requirements, or if based upon your misrepresentation or fraud.

In addition, the level of the position to which you are officially assigned may be reviewed and corrected by your personnel office.

## INFORMATION ABOUT APPOINTMENTS

The Postal Service places most positions in the "Postal Career Service." The Postal Service sets qualification requirements and controls recruitment for such positions. As a general rule, persons selected from Postal Service registers to fill continuing jobs are given career appointments. Such appointments are secured through direct competition with other members of the general public seeking similar work.

During an indicated probationary period, an appointee must demonstrate his/her full competence and fitness for employment. Transfers, promotions, demotions and reassignments during a probationary period are subject to completion of probation.

Temporary or casual appointments do not confer career status and do not lead to a career appointment without some further examination or qualification. Temporary or casual appointments are made when there is no continuing need for a person's service, regardless of the manner in which he/she qualified for appointment. Acceptance of such appointment will not remove a person's name from an employment register on which he/she may later be reached for career appointment.

An employee in the Postal Career Service may transfer noncompetitively to a career civil service position in another Federal agency under certain conditions. The personnel office of the Federal agency to which you are seeking a transfer will explain the requirements.

PS Form 50, November 1988 (Reverse)

## INFORMATION ABOUT YOUR STATUS AFTER SEPARATION

If you are separated or placed in a nonpay status for an extended period, your personnel office will furnish you with Standard Form 8 explaining your rights for unemployment insurance benefits. If you were covered by retirement or other benefits programs, you have previously been furnished information about those programs which describes your rights and possible benefits after separation. References for major programs are as follows:

| | |
|---|---|
| CSRS: | ELM 580 |
| FERS: | Booklet RI 90-1 |
| FEGLI: | Booklet RI 76-20 |
| FEHB: | FEHB Guide RI 70-2 IN (Career Postal Service Office of Inspector General Employees and Inspectors) |
| | FEHB Guide RI 70-2 (Other Career Postal Service Employees) |
| | FEHB Guide RI 70-8 PS (Certain Temporary/ Noncareer Postal Service Employees) |

Under a provision of the health benefits program, most employees have the option to continue their health insurance coverage at their own expense for a temporary period of time after separation. If you are not retiring with eligibility for health benefits, and you are interested in temporary continuation of health insurance coverage, see your personnel office for further information.

You will be given any lump sum payment that may be due you for annual leave at the time of separation. Refund of an appropriate portion of this payment will be required if you are reemployed by a Federal agency in a position under the same leave system during the period covered by such payment.

## AVAILABILITY OF FURTHER INFORMATION

Consult your supervisor if you have questions about the above statements or the entries on the front of this form. If your questions are technical, your supervisor may refer you to your personnel office, which will have copies of Postal Service manuals and regulations, as well as your individual record, and can then best explain how they apply in your case.

**UNITED STATES POSTAL SERVICE**

## Notification of Personnel Action

| | | |
|---|---|---|
| 01 EFFECTIVE DATE | 05-02-2002 | 02 SOCIAL SECURITY NUMBER 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 |

### EMPLOYEE INFORMATION

| | | | | |
|---|---|---|---|---|
| 03 EMPLOYEE NAME-LAST | HOWARD | 39 FLSA STATUS | N - NON-EXEMPT |
| 04 EMPLOYEE NAME-FIRST | DAVID | 40 PAY LOCATION | 02 |
| 05 EMPLOYEE NAME-MIDDLE | A | 41 RURAL CARRIER-ROUTE | |
| 06 MAILING ADDRESS STREET/BOX/APT | 422 FORGE LN | 42 RURAL CARR-RATE ID | |
| 07 MAILING ADDRESS-CITY | EXTON | 43 RURAL CARR-PAY TYPE | |
| 08 MAILING ADDRESS-STATE | PA | 44 RURAL CARR-TRX-WEEKLY | |
| 09 MAILING ADDRESS-ZIP+4 | 19341-1816 | 45 RURAL CARR-EAS | |
| 10 DATE OF BIRTH | 04-07-1968 | 46 RURAL CARR-COMMIT | |
| 11 VETERANS PREFERENCE | 1 - NO PREFERENCE | 47 RURAL CARR-EMA | |
| 12 SEX | M | 48 RURAL CARR-HOURS | 00 |
| 13 MINORITY | 6 - WHITE, NON-HISPANIC | 49 RURAL CARR-MILES | 000 |
| 14 DISABILITY | 05 | 50 JOB SEQUENCE | 1 |
| 15 LEAVE COMP-TN DATE | 12-31-1988 | 51 OCCUPATION CODE | 2315-01XX |
| 16 ENTER ON DUTY DATE | 12-31-1988 | 52 POSITION TITLE | MAIL HANDLER |
| 17 RETIREMENT COMP DATE | 12-31-1988 | 53 FUNCTIONAL OPER-NBR | 1700 |
| 18 SERV ANNIVERSARY PAY-R | 02-1989 | 54 DESIGNATION/ACTIVITY | 1240 |
| 19 TSP SENIORITY | 6 - ELIGIBLE W/O DEDUCT | 55 POSITION TYPE | 1 - FULL TIME |
| 20 TSP SERVICE COMP DATE | 12-31-1988 | 56 UNIT HOURS | 00 |
| 21 PRIOR CSRS SERVICE | N | 57 EMPLOYMENT TYPE | |
| 22 FROZEN CSRS TIME | | **SALARY INFORMATION** | |
| 23 LEAVE DATA-CATEGORY | 6 - HOURS/PP | 58 PAY RATE CODE | A - ANNUAL RATE |
| 24 LEAVE DATA-CHG PAY-R | 02-2004 | 59 RATE SCHEDULE CODE | M - MAIL HANDLERS |
| 25 LEAVE DATA-TYPE | 1 - ADVANCED AT BEGINNING | 60 GRADE/STEP | 04/X |
| 26 CREDIT MILITARY SERV | | 61 BASE SALARY | 37,615 |
| 27 RETIRED MILITARY | | 62 COLA | |
| 28 RETIREMENT PLAN | 8 - FERS | 63 COLA ROLL-IN/NTD | |
| 29 EMPLOYEE STATUS | | 64 NEXT STEP PAY-R | 17-2002 |
| 30 LIFE INSURANCE | C0 - Basic Only | 65 MERIT ANNIV DATE | |
| 31 SPECIAL BENEFITS | | 66 MERIT LUMP SUM | |
| **POSITION INFORMATION** | | 67 ALLOWANCE CODE | |
| 32 EMPLOY OFFICE-FIN NO | 41-1627 | 68 SPECIAL SALARY CODE | |
| 33 EMPLOY OFFICE-NAME | SOUTHEASTERN POST OFFICE | 69 PROTECTED ESG | |
| | | 70 PROTECTED GRADE/STEP | |
| 34 EMPLOY OFFICE-ADDRESS | SOUTHEASTERN PA 19399-9994 | 71 EXPIRATION PAY-R | |
| | | 72 PROTECTED EC-HOURS | |
| | | 73 PROTECTED RC-MILES | |
| 35 DUTY STATION-FIN NO | 41-1627 | 74 RC GUARANTEED SALARY | |
| 36 DUTY STATION-NAME | SOUTHEASTERN POST OFFICE | 75 ANNUITY AMOUNT | |
| 37 APPT EXPIRATION DATE | | 76 RED CIRCLE CODE | 0 |
| 38 PROBATION EXPIR DATE | | | |

### NATURE OF PERSONNEL ACTION

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 77 NATURE OF ACTION CODE | 159 | 78 AUTHORITY | PM-590 Sect 1901 | | | | |
| 79 DESCRIPTION | REACTIVATE | 80 CODE | | 81 CODE | | 82 CODE | 83 CODE |
| 84 REMARKS | | | | | | | |

CANCELS NOA 326 EFFECTIVE 2002-05-02.
USER ID = GB0062 - 2002-05-29.
CANCELLED TO CORRECT LDFS

| | | | |
|---|---|---|---|
| 85 AUTHORIZATION GARY L. McCURDY, VP AREA OPERATIONS-ALLEGHENY AREA | 86 PROCESSED DATE | 06-25-2002 |
| | 87 PERSONNEL OFFICE ID | XF49 |
| | 88 OPF LOCATION | SOUTHEASTERN POST OFFICE |

EXHIBIT "L"

SOUTHEASTERN PROCESSING & DISTRIBUTION CENTER

**UNITED STATES**
**POSTAL SERVICE**

February 12, 1997

To: David Howard

The medical information which you provided places specific limitations on the duties you may perform.

Based upon these restriction and in accordance with Article 13 of the National Agreement between the United States Postal Service and the Mail Handler's Union, the following light/limited duty assignment is appropriate: Letter Tray Breakdown

This assignment may be modified in accordance with the needs of the service and your medical limitations. This temporary light/limited duty assignment will be reviewed at the expiration of your current medical information or any of the time as deemed appropriate by management. You are required to update your light/limited duty request every thirty (30) days and notify management if your medical limitations are changed or modified in any way.

Effective Saturday, February 15, 1997, your schedule for the duration of the light/limited duty assignment will be as follows. You are expected to return to you bid position on March 15, 1997 .

Hours: 07:00 - 15:30
Non-scheduled days: TU/WE

Employee Signature: _____     Date: _____

Frank J. Ryffell
Senior Manager, Distribution Operations

1000 W. VALLEY ROAD
SOUTHEASTERN PA 19399-9241

TEL: 610-964-5429