**CAROSELLA & FERRY, P.C.**
JAMES J. MUNNIS, ESQUIRE
ATTORNEY I.D. NO. 69691
882 S. Matlack St., Suite 101
West Chester, PA 19382                                         Attorney for Plaintiff,
610-431-3300                                                           David Howard

---

| | | |
|---|---|---|
| DAVID HOWARD | : | IN THE UNITED STATES DISTRICT |
| | : | COURT FOR THE EASTERN DISTRICT |
| Plaintiff | : | OF PENNSYLVANIA |
| vs. | : | |
| | : | |
| JOHN E. POTTER, | : | CIVIL ACTION |
| POSTMASTER GENERAL | : | |
| | : | |
| Defendant | : | NO. 02-CV-3797 |

---

**PLAINTIFF'S MEMORANDUM OF LAW OPPOSING
DEFENDANT'S RENEWED MOTION TO DISMISS COUNT II**

Plaintiff, David Howard, (hereinafter, "Howard") filed an amended Complaint against the United States Postal Service (hereinafter, "Postal Service") for Wrongful Discharge and Breach of Contract, which was docketed by the Court on March 12, 2003. The Postal Service now seeks dismissal of Count II of Howard's Complaint, stating that Howard had no allegations in his Complaint that the National Postal Mail Handler's Union (hereinafter, "Union") breached its duty of fair representation. It is respectfully requested that a review of the records concerning this matter will show that Howard has a valid claim for Breach of Contract and, as a result, the Postal Service's Motion to Dismiss Count II should be denied.

## FACTUAL BACKGROUND

Plaintiff was hired by the Postal Service on December 31, 1998 as a clerk in the Exton, Pennsylvania Post Office. He was later transferred to the Southeastern Processing and Distribution Center in Devon, Pennsylvania, and promoted to a mail handler, which is a full time, non-probationary position.

In 1996, Howard voluntarily sought help for drug and alcohol addiction as per Article 35 of the Agreement between the Union and the United States Postal Service. After a ten (10) day treatment program, which began on or about September 4, 1996, Howard returned to work on his normal night shift. This treatment plan included a three (3) month after-care program. On or about October 1, 1996, Howard requested a revised schedule, allowing him to work day shifts only. Later, on or about February, 1997, he requested a light duty assignment, which was approved by Postal Service management. Both Plaintiff Howard's voluntary participation in the self-help program, and his request for reassignment are discussed in Article 13 and Article 35 of the Agreement between the Union and the United States Postal Service. (See Count II of Compl., ¶¶ 41, 43, 47, 48 and 51.)

Despite grievances which were filed by Howard as early as in the year 1997, both the Union and the Postal Service failed to proceed in any manner in these grievances, and it should be considered that this inaction showed that they acted in either an arbitrary, discriminatory, or bad faith manner towards Howard. This inaction on the part of the Union and the Postal Service forced Howard to hire counsel in a good faith attempt to return to work. Subsequent to Howard's counsel's letters to both the Postal Service and the Union

(see attached), it was determined that the step process of the grievance had been untimely on the part of the Union. (See Compl., Ex. G.)

Based on the Union's inaction, the Postal Service issued a Notification of Personnel Action to Howard on or about May 23, 2002, for Action Code 326, "Separation Disability". This was immediately followed by a second Notification of Personnel Action on or about May 29, 2002 for Action Code 150, "Reactivate" with a comment underneath stating, "Cancels N.O.A. 326 Effective 2002-05-02". (See Compl., Ex. J.) Howard also received a copy of a letter from the Postal Service to his Congressman, assuring "that Mr. Howard's grievance is pending..." and "the order in which grievances are heard in arbitration is mutually decided by the union and management and usually occurs on a first appealed, first heard basis." In spite of these assurances, as of April, 2003, the grievances have not been heard and, according to correspondence to Howard from both the Postal Service and the Union, his grievances are "closed". Although the Postal Service claims that the Union is entitled to settle his grievance without notifying him, the fact that neither Howard nor his counsel were informed of this settlement or agreement (nor, for that matter, was the E.E.O.C. Judge during the E.E.O.C. hearing) is another example of arbitrary, discriminatory, or bad faith actions on the part of the Union.

## STANDARD OF REVIEW

Summary judgment may be entered only in a case which is clear and free from doubts, and all doubts as to the existence of a material fact must be resolved against the

moving party.  Marks v. Tasman, 527 Pa. 132, 135, 589 A.2d 205, 206 (1991); Weiss v. Keystone Mack Sales, Inc., 310 Pa. Super. 425, 430, 456 A.2d 1009, 1011 (1983).  The moving party bears the burden of proving that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Thompson Coal Company v. Pike Coal Company, 488 Pa. 198, 204, 412 A.2d. 466, 468-69 (1979); Schacter v. Albert, 212 Pa. Super. 58, 61, 239 A.2d. 841, 843 (1968).

**ARGUMENT**

**I.     DEFENDANT'S MOTION TO DISMISS COUNT II OF THE COMPLAINT MUST BE DENIED.**

As stated in paragraph 63 of Plaintiff's Complaint, the Post Office's testimony has consistently changed to suit its interests.  This once again is the case, with the Postal Service now stating that Howard does not allege that he was not represented properly by his union.  It is respectfully suggested that Defendant is incorrect in its allegation that Howard has failed to state that the Union did not properly represent him.  The actions and inactions on the part of the Union, as cited in Plaintiff's Complaint and in this Memorandum of Law, demonstrate that the Union's actions were either arbitrary, discriminatory, or in bad faith.  Defendant first misstated that Plaintiff failed to allege that his union breached a duty of fair representation.  Through exhibits that were attached to the original Complaint, through the E.E.O.C. hearing documentation, which is a matter of public record, and through testimony from Postal Service managers and Union personnel, Plaintiff has more than shown that the Union has failed to properly represent Plaintiff.

Exhibit "G" of Mr. Howard's Complaint is a letter to the Postal Service General Manager from Plaintiff's counsel. It should be pointed out that a carbon copy of that letter went to "F. Phillips", who is the Union President. This Exhibit "G" stated the fact that the "step process of the grievance has been untimely" and that "step four of the grievance is certainly untimely". It must be pointed out that the untimeliness of the grievance process was due to the inactions taken by the Union, which show the Union's actions being arbitrary, discriminatory, or in bad faith against Howard.

Exhibit "J" of Plaintiff's Complaint is a Notification of Personnel Action that the Postal Service, in its Memorandum of Law, states that, "among other things, references a grievance settlement". What the Postal Service fails to point out is that there was no grievance settlement, and, while the first page of Exhibit "J" shows a Notification of Personnel Action dated May 23, 2002, which is Action Code 326, "Separation Disability", two pages later, an additional Notification of Personnel Action, dated 05-29-2002, is for Action Code 150 "Reactivate" with the verbage, "Cancels N.O.A. 326 Effective 2002-05-02". Both of these Notifications of Personnel Action were received by Howard on or about July 11, 2002, and apparently separates him and then reinstates him within a six (6) day period. The 05-23-02 Notification apparently lists a grievance settlement of which neither Howard, Howard's counsel, nor the E.E.O.C. Judge for that matter, apparently were aware. It is interesting to point out that this Notice of Separation Agreement was received by Howard on or about July 11, 2002, eight (8) days after service of the original Complaint against the Postal Service, July 3, 2002.

Defendant states, in its Memorandum of Law, that Exhibit "G" of Plaintiff's Complaint "states that the Union was pursuing Plaintiff's grievance to step four, which is the last step of the Union Grievance Procedure".  It must be pointed out that this step four process was untimely, was never held, and there has been no change in the status since 1998, over four and one-half (4 ½) years ago.  Defendant also states, "Exhibits 'J' and 'L' contain no criticisms of the Union's representation and do not appear relevant to Plaintiff's contention".  This is incorrect, and, as stated earlier, the Notifications of Personnel Action apparently list a grievance settlement and a separation disability, which was subsequently canceled, reinstating Howard, approximately one week later.  This again shows the Union's arbitrary, discriminatory, or bad faith actions against Mr. Howard.

Defendant states in its Memorandum of Law that the Union's alleged settlement of his grievance without notifying Howard or his counsel is completely consistent with Article 15.2 of the Collective Bargaining Unit Agreement that governs Plaintiff's employment with the Postal Service.  Assuming, for purposes of this argument, that this fact is true, it must be pointed out that there was no settlement of the grievance, as the 05-29-2002 Notification of Personnel Action canceled the 05-23-2002 notification.  Apparently, no one has any idea what that means, which is another indication of arbitrary, discriminatory, or bad faith action on the part of the Union.

**CONCLUSION**

In light of the above information, including the Exhibits attached to the Complaint and the additional documentation, it appears obvious that the Union failed to properly represent Plaintiff Howard. As a result, Plaintiff's Complaint gives rise to a claim for Breach of Contract as well as Wrongful Discharge, and Defendant's Motion to Dismiss Count II of Plaintiff's Complaint should be denied.

                                          Respectfully submitted,
                                          ***CAROSELLA & FERRY, P.C.***

*Date:*_____                _____
                                              James J. Munnis, Esquire
                                              Attorney for David Howard, Plaintiff