IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOWARD, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 02-3797 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RENEWED MOTION TO DISMISS COUNT II**

Plaintiff David Howard in his opposition memorandum makes two arguments supporting Count II of his complaint. Neither argument meets the legal standard that plaintiff must allege in his complaint that his union did not fairly represent him under the terms of his collective bargaining agreement.

Plaintiff first argues that untimely pursuit of a grievance is a sufficient basis for alleging that his union failed to fairly represent him and he has, therefore, met the requirements for bringing an action under 39 U.S.C. § 1208(b) against the United States Postal Service. Second, he claims to be confused about certain documents that he attached to his complaint (Exhibits G, J, and L), and he argues that his confusion demonstrates that the union did not fairly represent the plaintiff.

The Supreme Court in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 162-63 (1983), held that to sue either the employer or the union or both under the collective bargaining agreement, the plaintiff-employee must prove the same case, i.e., that the union

breached its duty of fair representation *and* that the employer breached the collective bargaining agreement. In that case, the Supreme Court found that it was necessary to determine whether "the union representing the employee in the grievance/arbitration procedure [had acted] in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." 462 U.S. at 164-165. Other courts, including those in this circuit, have applied the same standard. Vavro v. Gemini Food Markets, Inc., 39 F. Supp. 2d 553, 559 (E.D.Pa. 1999), citing Air Line Pilots Association International v. O'Neill, 499 U.S. 65, 67 (1991), and Vaca v. Sipes, 386 U.S. 171, 190 (1967). A union's conduct is arbitrary if it is so far outside a wide range of reasonableness as to be irrational. Vavro, 39 F. Supp. 2d at 559, citing Air Line Pilots, 499 U.S. at 67. Furthermore, a union official's conduct is not arbitrary "when it is merely inept or negligent nor does mere disagreement about strategy form a foundation of a [lawsuit against the union and/or employer]." Vavro, 39 F. Supp. 2d at 559.

Plaintiff's allegation that his union acted in an untimely manner does not on its face meet this standard. If plaintiff's allegation were to be believed, at worst it represents negligence or a disagreement about strategy – both factual circumstances rejected by the court in Vavro. For this reason, plaintiff's breach of contract action cannot survive and Count II must be dismissed with prejudice.

Plaintiff's other argument – that there is confusion surrounding a separation document from the Postal Service – is based on unsupported, unverified and, ultimately, incorrect assertions. First of all, the subject of confusion, plaintiff's Exhibit J, is only a small portion of plaintiff's Official Personnel File ("OPF"). Exhibit J contains a PS Form 50 (processed on May 23, 2002) showing that plaintiff was to be separated from the Postal Service on May 2,

2002, and for purposes of calculating certain employee data, the Last Day in Pay Status ("LDIPS") would be May 16, 1997. An additional PS Form 50 in Exhibit J (processed on May 29, 2002) reflects that the May 23, 2002 document was cancelled so that the LDIPS, or the Last Day in Pay Status, could be changed. A third PS Form 50, which plaintiff did not attach to his complaint, was generated by the Postal Service re-stating plaintiff's LDIPS as July 11, 1997. Defendant encloses that form as Exhibit 1. Thus, the documents in Exhibit J are only confusing because they are incomplete. The subsequent PS Form 50 in plaintiff's OPF demonstrates that the cancellation referenced in Exhibit J was for the purpose of giving the plaintiff an additional time period (from May 16, 1997 until July 11, 1997) that he was considered to be in pay status. The cancellation had nothing to do with a grievance settlement and such a conclusion cannot reasonably be drawn.

For that same reason, there is no support for plaintiff's assertion in his opposition memorandum at 6 that because the documents in Exhibit J reflect the entry of a grievance settlement and its subsequent cancellation, the union engaged in arbitrary, discriminatory and bad faith actions against the plaintiff. First of all, the PS Form 50 is a Postal Service, not a union, document. Second, the cancellation plaintiff points to as evidence of unfair representation by the union was in fact an effort by the Postal Service to correctly state plaintiff's Last Day in Pay Status; it was not a cancellation of a grievance settlement.

Plaintiff's comment in his opposition memorandum at 5 that plaintiff and his counsel were unaware of the grievance settlement referenced in Exhibit J is unsupported by any verified complaint or affidavit. Plaintiff had the documents in Exhibit J in his possession at the time he filed his complaint and yet he did not allege in his complaint that the union unfairly represented

him by entering into a grievance settlement without notifying him. He raises that allegation for the first time in response to defendant's Renewed Motion to Dismiss Count II, and he provides nothing to support the allegation.

Even if plaintiff was not notified of the grievance settlement, such an allegation is of no significance because it does not satisfy the requirement that plaintiff allege and prove that the union unfairly represented him. Defendant previously provided the Court with the November 21, 2002 Declaration of Frank Jacquette, Labor Relations Specialist, United States Postal Service Headquarters Labor Relations Office ("Jacquette Decl."), attached to Renewed Motion to Dismiss Count II. Mr. Jacquette states that Article 15.2 of the union's collective bargaining agreement provides that the union has the right and authority at any time to settle a grievance, in whole or in part, with or without the consent of the employee. Jacquette Decl., ¶ 7. Failure to seek plaintiff's approval of the grievance settlement or to notify him of the settlement are not, therefore, a requirement of fair representation by the union.

## **CONCLUSION**

Count II of plaintiff's complaint must be dismissed with prejudice because it does not contain any allegation that plaintiff's union did not fairly represent him satisfying the well-established precedent of the Supreme Court and the courts in this circuit. Furthermore, plaintiff's purported confusion about the factual circumstances of his separation from the Postal Service is

based on incomplete documentation and mis-readings of the plain language of the PS Form 50s in Exhibit J.

                                    Respectfully submitted,

                                    PATRICK L. MEEHAN
                                  United States Attorney

                                  _____
                                  VIRGINIA A. GIBSON
                                  Assistant United States Attorney
                                  Chief, Civil Division

                                  _____
                                  BARBARA ROWLAND
                                  Assistant United States Attorney
                                  615 Chestnut Street, Suite 1250
                                  Philadelphia, PA 19106
                                  (215) 861-8311 Telephone
                                  (215) 861-8349 Facsimile

Of Counsel:

Jennifer S. Breslin
Attorney, Law Department
Philadelphia Field Office
United States Postal Service
P.O. Box 40595
Philadelphia, PA  19197-0595
(215) 931-5091

## **CERTIFICATE OF SERVICE**

I hereby certify that on the _____ day of April 2003, I caused a true and correct copy of the foregoing Defendant's Reply Brief to be served by first-class United States mail, postage prepaid, upon the following:

>James J. Munnis, Esq.
>882 S. Matlack Street
>Suite 101
>West Chester, PA 19382

_____
Barbara Rowland