IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOWARD, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 02-3797 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |

## ANSWER TO SECOND AMENDED COMPLAINT

Postmaster General of the United States Postal Service, John E. Potter, by and through his attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Barbara Rowland, Assistant United States Attorney, responds to plaintiff's Second Amended Complaint as follows:

1. Paragraph 1 of plaintiff's complaint consists of a statement of claims against defendant to which no response is required.

2. Admitted.

3. Paragraph 3 of plaintiff's complaint contains a statement concerning service of process to which no response is required.

## COUNT I

## WRONGFUL DISCHARGE

4. Paragraph 4 of plaintiff's Second Amended Complaint contains conclusions of law to which no response is required.

5. Admitted in part; denied in part. Defendant admits as a general matter that it is an agency within the meaning of that term in the Rehabilitation Act. Defendant denies that plaintiff is a disabled person within the meaning of the Rehabilitation Act.

6. Paragraph 6 contains conclusions of law to which no response is required. To the extent the allegations in paragraph 6 are factual, defendant denies that plaintiff is disabled within the meaning of the Rehabilitation Act. Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegation that plaintiff suffers from severe depression and, therefore, that allegation is also denied.

7. Admitted in part; denied in part. Defendant admits that plaintiff advised it that he sought treatment for alcohol and drug dependency. Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the remaining allegations of material fact set forth in paragraph 7 of plaintiff's complaint and, therefore, they are denied.

8. Paragraph 8 of plaintiff's Second Amended Complaint contains characterizations selected from the National Agreement between the Mail Handlers Union and the Postal Service. That document speaks for itself.

9. Paragraph 9 of plaintiff's Second Amended Complaint contains conclusions of law to which no response is required.

10. Admitted.

11. Admitted. The Notice of Final Action, attached as Exhibit A, speaks for itself.

12. Admitted.

13. Paragraph 13 of plaintiff's complaint contains allegations of venue to which no response is required. The second sentence is admitted.

14. Admitted.

15. Defendant admits only that plaintiff advised it that he was seeking help for drug and alcohol addiction in 1996. Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegation concerning plaintiff's efforts to seek

treatment for drug and alcohol addiction and, therefore, it is denied.

16. Defendant admits only that plaintiff advised it that he attended a ten-day program beginning on or about September 4, 1996 and including a three-month aftercare program. Defendant further admits that plaintiff returned to work on September 14, 1996 on his normal night shift.

17. Defendant admits only that beginning in October 1996, Postal Service management at the Southeastern facility attempted to accommodate plaintiff's alleged disability while still maintaining Postal Service operations in accordance with Postal Service policies, regulations, and the collective bargaining agreement with the mail handlers. Defendant denies that plaintiff had an agreement with his manager that he could work day shift as long as he provided medical documentation.

18. Defendant admits that plaintiff provided the Postal Service with medical documentation. Defendant affirmatively avers that it advised plaintiff that to be permanently assigned to the day shift, plaintiff should, in compliance with the terms of the Postal Service's collective bargaining agreement with the mail handlers, bid on a day shift position thereby allowing the Postal Service to fill his night shift position. Defendant further avers that because plaintiff failed to do so, the Postal Service was not able to schedule plaintiff to work the day shift on a permanent basis without violating the terms of the collective bargaining agreement.

19. Defendant admits that plaintiff's doctors diagnosed him as having depression and that they recommended that he work day shift during his recovery period.

20. Admitted.

21. Admitted in part; denied in part. Defendant admits that plaintiff provided medical document, but defendant denies that plaintiff's medical documentation was provided

immediately.

22.     Defendant admits that Frank Ranieri sent plaintiff a letter on or about January 21, 1998, acknowledging receipt of medical documentation and that Margaret DeRentiis sent Mr. Ranieri a letter dated December 19, 1997 stating that plaintiff was able to return to work full-time on the day shift.  Defendant admits that copies of both letters are attached as Exhibit B and avers that the documents speak for themselves.  The remaining allegations of material fact set forth in Paragraph 22 of plaintiff's Second Amended Complaint are denied.

23.     Admitted.  Defendant admits that Dr. Etezady's note is attached as Exhibit C and avers that the document speaks for itself.

24.     Admitted.

25.     Admitted in part; denied in part.  Defendant admits only that on January 26, 1998 plaintiff submitted a Request for Light Duty Form with the word "permanent" written on it.  Defendant is without sufficient knowledge or information to form a reasonable belief as the truth of the allegation that plaintiff submitted the Request for Light duty form because of the specific actions of the Postal Service alleged in sections a), b), and c) of paragraph 25.  Furthermore, defendant denies that it a) continued to request medical documentation from the plaintiff, and b) refused to accept documentation from plaintiff.  Defendant admits that it c) refused to allow plaintiff continued light duty.

26.     Admitted.  With respect to Exhibit D, defendant admits that the letter is attached as Exhibit D and avers that the document speaks for itself.

27.     Defendant admits only that on February 13, 1998 plaintiff sent Mr. Ranieri a letter.  Defendant admits that the letter is attached as Exhibit E and avers that while the letter

speaks for itself, it addresses accommodation without reference to a disability and it does not explicitly request a day shift assignment.

28.     Defendant admits that plaintiff continued to provide the Postal Service with medical documentation after February 13, 1998, and that on July 1, 1998 the Postal Service notified plaintiff that the medical documentation he had submitted was insufficient.

29.     Defendant admits that on July 27, 1998, Dr. Etezady provided correspondence to the Postal Service. Defendant admits that the correspondence is attached as Exhibit F and avers that the content of Dr. Etezady's note speaks for itself.

30.     Defendant admits that the Postal Service received correspondence from plaintiff's counsel concerning his return to work. Defendant admits that the correspondence is attached as Exhibits G and H and avers that the correspondence speaks for itself. Defendant admits that the Postal Service did not respond specifically to the referenced correspondence requesting that plaintiff be reinstated and accommodated on the day shift. Defendant affirmatively avers that at the time these letters were sent, the Postal Service had advised plaintiff in February 1998 to bid on a day shift position, apply for disability retirement or resign, which plaintiff did not do and which resulted in his eventual termination from the Postal Service. Defendant also affirmatively avers that in September 1998, plaintiff had initiated an EEOC action complaining of discrimination based on disability and the Postal Service was investigating his claim of discrimination.

31.     Paragraph 31 of plaintiff's complaint contains conclusions of law to which no response is required.

32.     Paragraph 32 of plaintiff's complaint contains conclusions of law to which no response is required.

33. Paragraph 33 contains allegations paraphrasing testimony provided by witnesses at the EEOC hearing. That testimony speaks for itself..

34. Witness testimony during the EEOC hearing speaks for itself.

35. Defendant admits that the Postal Service has and continues to use casual employees as necessary. Defendant admits that plaintiff prior to May 1997 had been a full time non-probationary employee. The remaining allegations of material fact set forth in paragraph 35 of plaintiff's Second Amended Complaint are denied.

36. Paragraph 36 of plaintiff's complaint contains a statement of law to which no response is required.

37. Paragraph 37 of plaintiff's complaint contains conclusions of law to which no response is required.

38. Defendant denies that it failed to respond to plaintiff's request for reassignment and affirmatively avers that it advised plaintiff that it could not reassign him as he requested and provided him with several alternatives to his demand for re-assignment.

39. Defendant admits that it received a note from Dr. Etezady dated August 30, 1999. Defendant admits that the note is attached as Exhibit I and avers that the note speaks for itself.

40. Admitted in part; denied in part. Defendant admits that it did not provide plaintiff with the requested day shift and denies that it refused to allow plaintiff to return to work.

41. Denied. Defendant terminated plaintiff. Defendant admits that Exhibit J is a July 11, 2002 Notice of Personnel Action and avers that the document speaks for itself.

42. The June 6, 2002 Notice of Personnel Action speaks for itself.

43. Defendant admits only that plaintiff was an employee of the Postal Service according to the terms of the Rehabilitation Act.

44. Denied.

45. Paragraph 45 of plaintiff's Second Amended Complaint contains conclusions of law to which no response is required. To the extent that Paragraph 45 contains allegations of material fact, they are denied.

46. Defendant denies that it caused plaintiff to suffer damages in excess of $300,000.

47. Paragraph 47 of plaintiff's Second Amended Complaint contains conclusions of law to which no response is required. Defendant denies specifically, however, that punitive damages are available against the Postal Service.

48. Paragraph 48 of plaintiff's Second Amended Complaint contains conclusions of law to which no response is required.

49. Plaintiff's complaint contains allegations of jurisdiction to which no response is required.

50. Paragraph 50, including subparts 1 through 3, contains conclusions of law to which no response is required.

The "wherefore" paragraph immediately following paragraph 50 subpart 3 subpart c contains plaintiff's prayer for relief to which no response is required.

## COUNT II

## BREACH OF CONTRACT

51. Defendant incorporates its responses to paragraphs 1 through 50 of plaintiff's complaint as if set forth herein at length.

52. Admitted.

53. Article 13 of the National Agreement speaks for itself.

54. Defendant admits that plaintiff requested reassignment. Defendant admits that plaintiff advised it that he suffered from major depression. It is admitted that the Postal Service was unable to permit the plaintiff to continue to work a revised schedule.

55. The medical documentation speaks for itself. Article 13 of the National Agreement speaks for itself.

56. The medical documents speak for themselves. Defendant admits that plaintiff's physicians recommended that he work day shift and that his physicians believed that he would need to continue to work day shift "indefinitely for at least six months."

57. Admitted in part; denied in part. Defendant admits that it advised plaintiff that it could no longer permit him to work a revised schedule in May 1997. Defendant denies that its decision to change plaintiff's shift from the day shift was arbitrary.

58. Defendant admits that in 1996 plaintiff had been employed with the Postal Service for approximately eight years. Defendant admits that plaintiff advised it that he had sought treatment for drug addiction. Article 35 of the National Agreement speaks for itself.

59. Article 35 of the National Agreement speaks for itself.

60. Article 13 of the National Agreement speaks for itself.

61. Defendant admits that plaintiff provided medical documentation to the Postal Service. The medical documentation provided by the plaintiff speaks for itself.

62. Defendant admits that plaintiff provided medical documentation upon request from the Postal Service.

63. Article 13 of the National Agreement speaks for itself.

64. Defendant admits that it was unable to allow the plaintiff to continue a revised schedule because of "undue hardship."

65. Defendant denies that its claim that plaintiff could not continue to work a revised schedule because of undue hardship is not factual. Defendant denies that its claim of undue hardship was pretext for actual discrimination.

66. Defendant admits that plaintiff provided medical documentation and it admits that the Postal Service did not reinstate plaintiff as requested. Defendant denies that plaintiff's medical documentation provided that he could return to work with no restrictions including his shift, but defendant avers that the medical documentation speaks for itself.

67. Defendant admits that it informed plaintiff that it could no longer allow him work a revised schedule. Defendant admits that certain correspondence regarding plaintiff's schedule is attached in Exhibit K but avers that the documents speak for themselves.

68. Admitted in part; denied in part. Defendant admits that plaintiff's work request was, at some point in time, treated by the Postal Service as a request for light duty. Defendant denies, however, that plaintiff's work request had always been a request for light duty and avers that plaintiff originally had asked for day shift by making a request for a revised schedule for personal convenience. With respect to the definitions of light duty and revised schedule, the National Agreement speaks for itself.

69. Admitted in part; denied in part. Defendant admits that plaintiff's work request was, at some point in time, treated by the Postal Service as a request for light duty. Defendant denies, however, that plaintiff's work request had always been a request for light duty and avers that plaintiff originally had asked for day shift by making a request for a revised schedule for personal convenience. Defendant admits that the referenced letter is attached as Exhibit L and avers that the letter speaks for itself.

70. Defendant denies that it was wrong in stating that plaintiff was on day shift for personal convenience because plaintiff had requested a revised schedule to work day shift for personal convenience. Defendant further denies that it improperly removed plaintiff from day shift.

71. Admitted in part; denied in part. Defendant admits that at some point in time plaintiff informed defendant that he was not on a revised schedule. Defendant denies that it ignored plaintiff, retaliated against plaintiff, or wrongfully terminated plaintiff's light duty.

72. Defendant denies that it failed to admit that plaintiff was on light duty. Defendant avers that plaintiff's request to work on the day shift was originally treated as a request for a revised schedule but later was treated as a request for light duty. The EEOC hearing testimony speak for itself.

73. Defendant denies that it consistently ignored that plaintiff was on light duty for medical necessity. Defendant avers that it was well aware that plaintiff was working the day shift due to his claimed medical necessity.

74. Defendant denies that it terminated plaintiff erroneously or due to retaliation.

75. Admitted in part; denied in part. Defendant admits that plaintiff was a member of the union, and defendant avers that plaintiff was subject to the terms of the union's collective bargaining agreement. The remaining allegations in paragraph 75 are against the union. The union is not a party to this action, and defendant cannot answer on its behalf; however, defendant is not aware of any facts that support plaintiff's allegation that the union breached its duty of fair representation to plaintiff and represented him in a manner that was discriminatory, dishonest, arbitrary, and perfunctory.

76. Admitted in part; denied in part. Defendant admits that plaintiff filed grievances as early as 1997. The union is not a party to this action, and defendant cannot answer on its behalf; however, defendant denies that the union breached its duty of fair representation to plaintiff and represented him in a manner that was discriminatory, dishonest, arbitrary, and perfunctory or bad faith manner.

77. The allegations of material fact set forth in paragraph 77 of plaintiff's complaint are allegations against the union. The union is not a party to this action, and defendant cannot answer on its behalf.

78. Defendant admits that it issued a Notice of Personnel Action to the plaintiff on or about May 23, 2002. With respect to the remaining allegations of material fact in paragraph 78, the allegations are against the union. The union is not a party to this action, and defendant cannot answer on its behalf.

79. Admitted. Defendant admits that the referenced documents are attached as Exhibit M and avers that the documents speak for themselves.

80. Defendant is without sufficient knowledge or information to form a reasonable belief as to the allegations of material fact concerning plaintiff's receipt of the notices and, therefore, the allegations are denied. Defendant further denies that the notices separate and reinstate the plaintiff within a six-day period.

81. Admitted in part; denied in part. Defendant admits that the May 23, 2002 notice identifies a grievance settlement. Defendant lacks sufficient knowledge or information to form a reasonable belief as to the truth of the remaining allegations of material fact set forth in paragraph 81 of plaintiff's complaint and, therefore, they are denied.

82.     Defendant lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations of material fact set forth in paragraph 82 of plaintiff's complaint and, therefore, they are denied.

83.     Defendant admits that Congressman Joseph Pitts attempted to intervene in plaintiff's action and defendant further admits that it sent Congressman Pitts certain correspondence, which defendant admits is attached in Exhibit N and which defendant avers speaks for itself.

84.     Upon information and belief, defendant admits that plaintiff's grievances are closed. To the extent that the remaining allegations of material fact set forth in paragraph 84 of plaintiff's complaint may be deemed to be allegations against the union, the union is not a party to this action and, furthermore, defendant cannot respond on its behalf.

85.     The allegations of material fact set forth in paragraph 85 of plaintiff's complaint are allegations against the union. The union is not a party to this action, and defendant cannot respond on behalf of the union.

86.     The allegations of material fact set forth in paragraph 86 of plaintiff's complaint are allegations against the union. The union is not a party to this action, and defendant cannot respond on behalf of the union.

87.     Admitted in part; denied in part. Defendant admits that Exhibit O is a copy of NLRB documentation, and defendant avers that the documentation speaks for itself. Defendant lacks sufficient knowledge or information to form a reasonable belief as to the truth of the remaining allegations of material fact set forth in paragraph 87 of plaintiff's complaint and, therefore, they are denied.

88. Defendant admits that the settlement agreement is dated May 2, 2002, and was signed by a Postal Service management representative. Defendant further admits that the settlement agreement was entered into after the EEOC hearing.

89. Admitted.

90. Admitted in part; denied in part. Defendant admits that the agreement with the union was after the EEOC decision. Defendant denies that it improperly entered into an agreement with the union. To the extent that the remaining allegations of material fact set forth in paragraph 90 of plaintiff's complaint are allegations against the union, defendant states that the union is not a party to this action and defendant cannot respond on behalf of the union.

91. Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations of material facts set forth in paragraph 91 of plaintiff's complaint.

92. The allegations of material fact set forth in paragraph 90 of plaintiff's complaint are allegations against the union. The union is not a party to this action, and defendant cannot respond on behalf of the union.

93. Defendant denies that it failed to follow the sections referenced in paragraph 92 in its dealings with plaintiff and his counsel. The remaining allegations of material fact set forth in paragraph 93 of plaintiff's complaint are allegations against the union. The union is not a party to this action, and defendant cannot respond on behalf of the union.

94. Admitted in part; denied in part. Defendant admits that plaintiff may have been replaced at least temporarily by supplemental workforce. Defendant denies that his grievances were ignored. Defendant lacks sufficient knowledge or information to form a reasonable belief

as to whether or not plaintiff or his counsel knew about the settlement agreement and/or when they learned about the settlement agreement.

95. Defendant denies that it made misstatements and gave erroneous information to Congressman Pitts. Defendant admits that the referenced documents are attached as Exhibit P and avers that they speak for themselves. The remaining allegations of material fact set forth in paragraph 95 of plaintiff's complaint are allegations against the union. The union is not a party to this action, and defendant cannot respond on behalf of the union.

96. Defendant admits that the letter was written after the EEOC hearing and decision.

97. The allegations of material fact set forth in paragraph 97 of plaintiff's complaint are allegations against the union. The union is not a party to this action, and defendant cannot respond on behalf of the union.

98. The allegations of material fact set forth in paragraph 98 of plaintiff's complaint are allegations against the union. The union is not a party to this action, and defendant cannot respond on behalf of the union. Defendant admits that the referenced letter is attached as Exhibit Q and avers that the letter speaks for itself.

99. The allegations of material fact set forth in paragraph 99 of plaintiff's complaint are allegations against the union. The union is not a party to this action, and defendant cannot respond on behalf of the union.

100. Defendant denies that it has provided any testimony in this case and it further denies that it has changed its recitation of the events involving plaintiff to suit its interest. Defendant admits that it asserts that plaintiff is not disabled. Defendant admits that it issued an administrative action separating the plaintiff in July 2002.

101. Defendant admits that the Notification of Personnel Action was the first notice issued to plaintiff concerning his separation from the Postal Service. Defendant does not know when plaintiff received the notice. Defendant denies that the separation disability was untimely, improper or retaliatory.

102. Defendant admits that plaintiff attempted to return to work. Defendant admits that it was unable to reinstate plaintiff as requested.

Defendant denies each and every allegation of material fact set forth in plaintiff's Second Amended Complaint not herein before admitted, denied or otherwise modified.

The "wherefore" paragraph immediately following paragraph 102 of plaintiff's complaint contains plaintiff's prayer for relief to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over any claim of retaliation because plaintiff has failed to exhaust his administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

All actions taken by defendant with respect to plaintiff's employment were non-discriminatory and were based on good faith and were not in violation of any federal law prohibiting discrimination. Accordingly, plaintiff is barred from recovery in this action.

### FOURTH AFFIRMATIVE DEFENSE

Under Title VII, plaintiff's recovery of compensatory damages is limited to $300,000. 42 U.S.C.A. §1981(b)(3)(D).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages against federal defendant.  See Robinson v. Runyon, 149 F.3d 507 (6th Cir. 1998), Baker v. Runyon, 114 F.3d 668 (7th Cir. 1997), cert. denied sub nom., Baker v. Henderson, 525 U.S. 929 (1998); Henderson v. Henderson, No. Civ. A. 99-4323, 2000 WL 567422 *1 (E.D. Pa. May 10, 2000).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's action must be dismissed because plaintiff has failed to allege and will not be able to show that the union's representation of him in the arbitration was arbitrary, discriminatory or carried out in bad faith.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action must be dismissed because plaintiff has failed to allege and will not be able to show that the union failed to provide adequate representation.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's action must be dismissed because plaintiff has failed to join the union as a defendant.

### NINTH AFFIRMATIVE DEFENSE

To the extent Count II is, in fact, a Breach of Contract claim, the Court lacks subject matter jurisdiction because contract claims over $10,000 are within the exclusive jurisdiction of the United States Court of Federal Claims.

WHEREFORE, defendant prays that plaintiff take nothing by way of his complaint, that the same be dismissed and that judgment be awarded in favor of defendant together with costs and such other and further relief as the Court deems appropriate in this case.

        Respectfully submitted,

        PATRICK L. MEEHAN
        United States Attorney


        _____
        VIRGINIA A. GIBSON
        Assistant United States Attorney
        Chief, Civil Division


        _____
        BARBARA ROWLAND
        Assistant United States Attorney
        United States Attorney's Office
        615 Chestnut Street, Suite 1250
        Philadelphia, PA  19106-4476
        Telephone (215) 861-8311
        Facsimile (215) 861-8349

Of Counsel:
Jennifer S. Breslin
Attorney, Law Department
Philadelphia Field Office
United States Postal Service
P.O. Box 40595
Philadelphia, PA  19197-0595
(215) 931-5091

**CERTIFICATE OF SERVICE**

 I hereby certify that on the _____ day of April 2004, I caused a true and correct copy of the foregoing Answer to Amended Complaint to be served by first-class United States mail, postage prepaid, upon the following:

   James J. Munnis, Esq.
   882 S. Matlack Street
   Suite 101
   West Chester, PA 19382


   _____
   Barbara Rowland