IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOWARD, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 02-3797 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY BRIEF REGARDING ITS MOTION FOR AN ENLARGEMENT OF TIME**

Defendant United States Postal Service has moved the Court for an enlargement of time until June 24, 2005, to file a motion for summary judgment or other dispositive motion in this case. Defendant sought the additional time because it had not yet received all the outstanding discovery in this matter, including the deposition transcript of Felicia Adamski, the labor relations representative of the Postal Service who interacted with plaintiff Howard's union representation, and plaintiff David Howard's responses to Defendant's Request for Production for Documents that was due no later than April 30, 2005. Since the time it filed its motion, defendant has received Ms. Adamski's deposition transcript.

Defendant has not, however, received plaintiff's discovery responses even though at the time defendant filed its motion, plaintiff's counsel advised that they were forthcoming. To the extent plaintiff's counsel states in his opposition to defendant's request for an enlargement of time that the discovery responses are simply pharmacy records and pay stubs, defendant notes that it requested from plaintiff all medical records, including alcohol and drug rehabilitation treatment records, on which plaintiff bases his claims and all information that he provided to the

Postal Service regarding his claims. Defendant's Request for Production of Documents is attached for the Court's reference.

One of the two issues defendant will address on summary judgment is the legal requirement that plaintiff be able to demonstrate that he suffers from a major life disability within the meaning of the Rehabilitation Act. Defendant is entitled to review all the medical information relating to this issue that it sought from plaintiff through discovery before it files a summary judgment motion. Further, it is in the interest of judicial economy and convenience that the Court consider this issue on summary judgment rather than require a several-day jury trial if there is no significant factual issue in dispute as shown by the medical records and the prior testimony.

With respect to the second issue for summary judgment, i.e., whether both defendant and the plaintiff's union breached the collective bargaining agreement, the Supreme Court has held that to sue either the employer or the union or both under the collective bargaining agreement, the plaintiff-employee must prove the same case, i.e., that the union breached its duty of fair representation ***and*** that the employer breached the collective bargaining agreement. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 163-65 (1983); see also Albright v. Virtue, 273 F.3d 564, 576 (3d Cir. 2001); Vavro v. Gemini Food Markets, Inc., 39 F. Supp. 2d 553, 559 (E.D.Pa. 1999). In this instance, the deposition testimony of Ms. Adamski, the labor relations specialist who dealt with the union regarding plaintiff, is necessary for the defendant to set forth in the summary judgment motion its compliance with the collective bargaining agreement and the union's fair representation of plaintiff. As an aside, defendant notes that while it may have asked on two occasions to re-schedule Ms. Adamski's deposition, plaintiff did

not request her deposition until the end of the discovery period and then unilaterally scheduled it during a week she was on vacation caring for her children who were on school break.

                          Respectfully submitted,

                          PATRICK L. MEEHAN
                          United States Attorney

                          _____
                          Virginia A. Gibson
                          Assistant United States Attorney
                          Chief, Civil Division

                          _____
                          Barbara Rowland
                          Assistant United States Attorney
                          615 Chestnut Street, Suite 1250
                          Philadelphia, PA  19106-4476
                          (215) 861-8311 Telephone
                          (215) 861-8349 Facsimile

**CERTIFICATE OF SERVICE**

    I, Barbara Rowland, hereby certify that on the _____ day of May, 2005, I caused a true copy of the foregoing Defendant's Reply Brief Regarding its Motion for an Enlargement of Time to be forwarded by first class mail, postage prepaid, to:

        James J. Munnis, Esq.
        882 S. Matlack Street
        Suite 101
        West Chester, PA 19382

_____
Barbara Rowland