IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOWARD, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 02-3797 |
| | : | |
| v. | : | |
| | : | |
| JOHN E. POTTER, | : | |
| POSTMASTER GENERAL, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO: Mr. David Howard
c/o James Munnis, Esq.
882 S. Matlack Street
Suite 101
West Chester, PA 19382

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant John E. Potter, Postmaster General, requests that Plaintiff David Howard produce the documents specified below for inspection and copying at the Office of the United States Attorney for the Eastern District of Pennsylvania, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106. All documents are to be produced within thirty (30) days of service, and shall be organized and labeled in a manner that clearly indicates the particular request to which the document is responsive. Legible and complete copies of the documents requested may be served upon Barbara Rowland, Assistant United States Attorney, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106, in substitution for production and inspection of originals. Defendant, however, reserves the right to review the originals at a time and place agreed upon by the parties.

## DEFINITIONS

The following definitions apply wherever the defined word appears in Defendant's Request for Production of Documents except as otherwise indicated.

a. "You" or "your" refers to plaintiff and, in the appropriate context, includes all persons acting in the interest of or on behalf of the plaintiff in this action, including but not limited to agents, representatives, investigators, consultants and attorneys.

b. "Person" refers to natural persons as well as other entities, including but not limited to any partnership, corporation, trade association, government agency, or any other entity or any director, officer, employee or agent thereof.

c. "Document" has the meaning set forth in Rule 1001 of the Federal Rules of Evidence, and also refers to any and all printed, typewritten, handwritten, electronic, or drawn matters, of whatever character, the original, any reproductions and drafts thereof, all nonidentical copies, and summaries or compilations of any kind including, but not limited to, notes, letters, telegrams, messages (including reports, notes and memoranda of telephone conversations and conferences), calendar and diary entries, records, data, computerized data, maps, handwritten notes, graphs, tables, tabulations, charts, correspondence, illustrations, publications, and transcripts, in whatever form maintained including, but not limited to, mechanical, electronic, or photographic means such as punch cards, tape recordings, or microfilms. All attachments or enclosures to a document are deemed to be part of such document. If it is claimed that a document has already been provided to the defendant, identify the document and the person who has custody or control of the document, or to whom it was given.

d.  "<u>Identify</u>" with respect to documents means to state the date or approximate date; its title or heading, nature (e.g., letter, telegram memorandum), substance, and location, with sufficient particularity to enable it to be easily identified by its custodian in response to a subpoena *duces tecum* or a motion to produce; the name, official business position and business address of its present custodian, its author and any other person who assisted in preparing it, the person who signed it or over whose signature it was released, and the person to whom it was addressed and any other recipients.  In lieu of providing the information requested above, the document may be identified by attaching a true and legible copy thereof to your answers to these interrogatories, together with a notation indicating to which interrogatory or interrogatories, and subparts thereof, the writing or document is responsive.

e.  "<u>Refer or Related</u>" means consisting of, embodying, summarizing, describing, mentioning, or in any way pertaining to.

f.  "<u>And</u>" as well as "<u>or</u>" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these interrogatories any information that otherwise might be construed to be outside the scope of any interrogatory.

## INSTRUCTIONS

a.  When a document is requested, the request includes information or documentation in the possession, custody, or control of the plaintiff, his attorneys, investigators, agents, persons under contract with the plaintiff, or other representatives of the plaintiff.

b.  If a claim of privilege is asserted concerning any document requested, identify as to each privileged document or communication:

(1)  its date;

  (2) its author(s) and the business title or position of its author(s);

  (3) its recipient(s) and the business title or position of its recipient(s);

  (4) its number of pages;

  (5) its subject matter;

  (6) the legal basis upon which the plaintiff claims privilege; and

  (7) the specific portion of the interrogatory to which the communication and/or document is responsive.

 c. Documents are to be labeled to indicate the request to which they respond.

 d. These requests for production of documents shall constitute a continuing request for information so as to require responses to be supplemented in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Any supplemental responses shall be furnished to counsel for defendant as soon as possible after the new information becomes available.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Please produce all documents that refer, relate to, or which plaintiff contends support or substantiate the discrimination and breach of contract allegations contained in the Second Amended Complaint and indicate to which paragraph in the Second Amended Complaint the documents relate.

2. Please produce all documents consulted, reviewed, or relied upon by any person in connection with preparing plaintiff's complaint or amended complaints in this action.

3. Please produce all medical reports, notes and records, including but not limited to medical or other bills or invoices, for nurses, doctors, hospitals, therapists, drugs and medicines, or other tests that plaintiff provided to defendant, including any representative of defendant, relating to plaintiff's alleged disability referenced in paragraph 6 of the Second Amended Complaint.

4. Please produce all medical reports, notes and records, including but not limited to medical or other bills or invoices, for nurses, doctors, hospitals, therapists, drugs

and medicines, or other tests that are in the possession of plaintiff, including any representative of plaintiff, relating to plaintiff's alleged disability referenced in paragraph 6 of the Second Amended Complaint.

5. Please produce all documents reflecting plaintiff's participation in programs addressing the alcohol and drug dependency referenced in paragraph 7 of the Second Amended Complaint.

6. Please produce all documents reflecting plaintiff's employment and income, including the sources thereof, for the time period that plaintiff claims he was wrongfully discharged by the United States Postal Service.

7. Please produce all documents that refer, relate to, or reflect plaintiff's membership in a collective bargaining unit within the United States Postal Service, as well as all documents that refer, relate to, or reflect communications between plaintiff and any representative of the collective bargaining unit regarding plaintiff's allegations in paragraphs 51 through 102 of the Second Amended Complaint.

8. Please produce all documents or correspondence, including but not limited to handwritten notes and diaries, prepared or kept by plaintiff that discuss or relate to plaintiff's employment with the United States Postal Service and his discrimination and breach of contract claims and alleged damages.

9. Please produce any and all documents that plaintiff anticipates introducing as exhibits at trial.

10. Please produce any and all medical reports regarding plaintiff's alleged alcohol and drug dependency and depression from 1990 to the present.

11. Please produce any and all expert witness reports regarding (1) plaintiff's alleged alcohol and drug dependency and depression from 1990 to the present, and (2) any claim of damages in this action.

12. Please produce copies of any and all financial records in plaintiff's possession from January 1, 1996 to the present. This Request includes but is not limited to the following: (a) complete copies of all federal, Commonwealth of Pennsylvania or other state, and local tax returns (including individual and business returns, as well as all schedules, forms, attachments, and worksheets); (b) complete copies of all checking, savings, money market, mutual fund, or brokerage accounts (whether personal or business); (c) all W-2 employee or Form 1099 earning statements or records; and (d) business financial records including but not limited to ledgers

reflecting cash receipts and cash disbursements, payment vouchers, invoices, and canceled checks related to the operation of any business.

                Respectfully submitted,

                PATRICK L. MEEHAN
                United States Attorney

                Barbara Rowland
                Assistant United States Attorney
                615 Chestnut Street, Suite 1250
                Philadelphia PA 19106-4476
                (215) 861-8311 Telephone
                (215) 861-8349 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the _29th_ day of March 2005, I caused a true and correct copy of the foregoing Defendant's Request for Production of Documents to be served by first-class United States mail, postage prepaid, upon the following:

James J. Munnis, Esq.
882 S. Matlack Street
Suite 101
West Chester, PA 19382

_____
Barbara Rowland