IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HOWARD, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 02-3797 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY
TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Defendant United States Postal Service (Postal Service) submits this brief reply to plaintiff David Howard's responsive brief to defendant's summary judgment motion because plaintiff provided the Court with a confusing and incorrect application of the requirements of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and its implementing regulations.

1. **Demonstration of Substantial Limitation on Major Life Activity**

Plaintiff argues that he was not substantially limited in the major life activity of working only (as the Postal Service had asserted) but rather "other portions of his life" were affected. Plaintiff's, David Howard, Response to Defendant's Motion for Summary Judgment (Pl.'s Resp.) at 9. Plaintiff fails, however, to identify what other major life activities were affected by his recovery from depression that would require him to work day shift, rather than night shift, at the Postal Service. In fact, where his brief would specify the information, it says "Specifically, Howard stated in his deposition . . ." without any further explanation. Id. Plaintiff also argues that the medical documentation he submitted to the Postal Service demonstrates that "he had

impairments which substantially limits one or more of his major life activities," yet he never states what those major life activities were. Id.

In his discussion of these unidentified major life activities, plaintiff refers to a February 5, 1998 Postal Service memorandum referencing plaintiff's "permanent physical restrictions" as though it was evidence that plaintiff had a qualifying disability. Pl.'s Resp. at 9-10. Plaintiff fails to inform the Court that the memorandum was in response to plaintiff's request on January 26, 1998, for a ***permanent*** light duty assignment on the day shift that included medical documentation that he was partially incapacitated from the fall of 1996 until "indefinitely." Howard Dep. at 84, 87, 90, attached as Ex. A to Def.'s Mem. Sum. Judg. Plaintiff's request for this ***permanent*** light duty assignment followed the Postal Service's advice to plaintiff in May 1997 that due to the operational needs of the facility, he could no longer be accommodated on day shift and would have to return to the night shift or seek another craft position or facility location with day shift work available. May 9, 1997 Letter to D. Howard from F. Ranieri and May 16, 1997 Letter from T. Kwan to D. Howard, attached as Exs. F and G, respectively, to Def.'s Mem. Sum. Judg. Thus, defendant's February 5, 1998 memorandum is nothing more than a restatement of plaintiff's description of his medical condition and cannot properly be used to prove that plaintiff had a qualifying disability.

More importantly, however, nothing in plaintiff's opposition memorandum demonstrates that plaintiff can make a *prima facie* showing of discrimination as required in <u>Williams v. Philadelphia Housing Authority Police Department</u>, 380 F.3d 751 (3d Cir. 2004), particularly a showing that he is disabled within the meaning of the Rehabilitation Act. As set forth in defendant's memorandum in support of its summary judgment motion, the Act defines an

"individual with a disability" as any person who: (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment. 29 U.S.C. §705(20)(B). Further, to meet the "major life activity" requirement, the individual must be (i) unable to perform a major life activity that a person in the general population can perform, or (ii) significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity. 29 C.F.R. § 1630.2(j)(1). Factors to be considered include (i) the nature and severity of the impairment, (ii) the duration or expected duration of the impairment, and (3) the permanent or long term impact, or the expected permanent or long term impact, of or resulting from the impairment. 29 C.F.R. § 1630.2(j)(2).

 Defendant directly attacked plaintiff's assertion in his amended complaint that he is disabled, and defendant supported its position with undisputed facts from the discovery in this case. Plaintiff has offered nothing to the Court that meaningfully disputes defendant's contention that inability to work at night on an indefinite but temporary basis is not a disability within the meaning of the Rehabilitation Act. Further, plaintiff has offered no evidence that he is substantially limited in some other major life activity. For these reasons, the Postal Service respectfully reiterates its request that the Court enter summary judgment in its favor because plaintiff is not disabled within the meaning of the Rehabilitation Act.

 2. **The Interactive Process**

Beginning of page 10 of his responsive brief, plaintiff asserts that the Postal Service did not fulfill the requirements of the "interactive process" set forth in 29 C.F.R. § 1630.2(o)(3) in determining the appropriate reasonable accommodation for plaintiff. Momentarily putting aside a discussion of "interactive process," plaintiff, for the reasons set forth above and in defendant's initial memorandum, was not disabled within the meaning of the Rehabilitation Act and, therefore, was not entitled to the "interactive process" set out in the regulations. Furthermore, even though plaintiff was not disabled within the meaning of the Rehabilitation Act, the Postal Service, consistent with the requirements of the collective bargaining agreement, placed him on the day shift for six months from November 1996 until May 1997 because of his medical restrictions. Also consistent with the collective bargaining agreement terms, plaintiff was kept on day shift until such time as the Postal Service's operational requirements made the day shift assignment not possible. See Def.'s Mem. Sum. Judg. at 4-5.

The Americans With Disabilities Act, on which the Rehabilitation Act is modeled,[1] does not refer to an interactive process but it requires an employer to make a reasonable accommodation to the known physical or mental disability of a qualified person with a disability unless the employer can show that the disability would impose an undue hardship on the employer. See Conneen v. MBNA America Bank, N.A., 334 F.3d 318, 329 (3d Cir. 2003), citing 42 U.S.C. § 12112(b)(5)(A). The applicable regulations provide that in order to "determine the

---

[1] The Rehabilitation Act provides that the standards applied to determine whether the Act has been violated shall be the same standards as under the Americans With Disabilities Act. 29 U.S.C. §§ 791(g), 794(d); see also McPherson v. Michigan High School Athletics Ass'n, 119 F.3d 453, 459-60 (6th Cir. 1997).

appropriate reasonable accommodation it may be necessary for the [employer] to initiate an informal, interactive process with the [employee] in need of accommodation. This process should identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome those limitations." Conneen, 334 F.3d at 329, quoting 29 C.F.R. § 1630.2(o)(3).

     Assuming for the purposes of this argument only that plaintiff was disabled, defendant met the requirements for engaging in the interactive process. The Postal Service, in response to plaintiff's day shift request, took the following actions: (1) it acceded to plaintiff's day shift request by putting him on a revised schedule for three months from November 1996 until February 1997; (2) it acceded to plaintiff's temporary light duty request by putting plaintiff on day shift from February 1997 until May 1997; (3) it told plaintiff in May 1997 that due to the operational needs of the facility, he should return to night shift or choose another craft position or facility location with positions available on the day shift; and (4) it told plaintiff in February 1998 that, while it could not accommodate his permanent light duty day shift request, he had options including changing crafts or changing facilities where there were day shift positions available. Def.'s Mem. Sum. Judg. at 4-7. Plaintiff choose none of the options given and, instead, gave the Postal Service an ultimatum that it accommodate him as he demanded. Feb. 13, 1998 Memorandum from D. Howard to F. Ranieri, attached as Ex. I to Def.'s Mem. Sum. Judg. ("You have a choice, accommodate me or refuse to accommodate me. If you refuse to accommodate me explain why you cannot. You have five days to respond. If you do not respond on time corrective action will be initiated.") By his ultimatum, plaintiff refused to engage in the interactive process.

Plaintiff attempts to argue that the Postal Service ignored or misunderstood plaintiff's medical documentation and, therefore, it did not engage in the interactive process. On the contrary, the Postal Service was aware of plaintiff's medical condition and it did not dispute that plaintiff sought day shift work. Def.'s Mem. Sum. Judg. at 5-6. The Postal Service could not, however, indefinitely accommodate plaintiff on the day shift during a time that it was removing senior union employees in his craft from the day shift. Id. The Postal Service made its situation clear to plaintiff and he nevertheless insisted that he be provided with day shift work regardless of the Postal Service's operational needs and regardless of the other options he was provided. The Postal Service's refusal to submit to plaintiff's demands does not mean that it failed to engage in the interactive process; it means that the interactive process ended when plaintiff issued his ultimatum to the Postal Service and refused to consider any of the options presented to him in light of the Postal Service's operational needs.

The undisputed material facts establish that there is no legitimate issue in this case regarding the Postal Service's participation in the interactive process. Accordingly, should the Court consider plaintiff to be disabled, the Postal Service respectfully requests the Court to find that it did not fail to meet the interactive process requirements of 29 C.F.R. § 1630.2(o)(3).

## **CONCLUSION**

      For these reasons and the reasons set forth in defendant's motion for summary judgment and this memorandum of law, the Postal Service respectfully requests the Court to enter summary judgment in its favor.

                                                  Respectfully submitted,

                                                  PATRICK L. MEEHAN
                                                United States Attorney

                                                _____

                                                VIRGINIA A. GIBSON
                                                Assistant United States Attorney
                                                Chief, Civil Division

                                                _____

                                                BARBARA ROWLAND
                                                Assistant United States Attorney
                                                615 Chestnut Street, Suite 1250
                                                Philadelphia, PA 19106
                                                (215) 861-8311 Telephone
                                                (215) 861-8349 Facsimile

Of Counsel:

Jennifer S. Breslin
Attorney, Law Department
Philadelphia Field Office
United States Postal Service
P.O. Box 40595
Philadelphia, PA  19197-0595
(215) 931-5091

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of August 2005, I caused a true and correct copy of the foregoing Defendant's Reply to Plaintiff's Response to Motion for Summary Judgment to be served by first-class United States mail, postage prepaid, upon the following:

>James J. Munnis, Esq.
>882 S. Matlack Street
>Suite 101
>West Chester, PA 19382

_____
Barbara Rowland